IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN T. ("TOM") MINEMYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-CV-1763 |
| v. | ) | |
| | ) | Honorable Judge Coar |
| R-BOC REPRENSENTATIVES, INC., | ) | |
| DURA-LINE CORPORATION, | ) | Magistrate Judge Cole |
| CAROLYN LUNDEEN, | ) | |
| ROBERT LUNDEEN, | ) | |
| TIMOTHY A. GRIMSLEY, | ) | |
| PRECISION CUSTOM | ) | |
| MOLDERS, INC., | ) | |
| EDWARD KRAJECKI, | ) | |
| SANDRA KRAJECKI, and | ) | |
| LeBAC PLASTIC MOLD CO., INC., | ) | |
| and RONALD BACKMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT R-BOC REPRESENTATIVES, INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF (NOS. 1-21)**

Defendant, R-Boc Representatives, Inc. ("R-Boc") propounds the following interrogatories to be answered separately and under oath by an officer or agent of Plaintiff, John T. Minemyer ("Minemyer"), within thirty (30) days of service, in accordance with Rule 33 of the Federal Rules of Civil Procedure. The following interrogatories are to be deemed continuing interrogatories, requiring prompt supplemental answers whenever the conditions of Rule 26(e) of the Federal Rules of Civil Procedure are satisfied.

## DEFINITIONS

1.      The term "Minemyer" "you," and "your" shall mean the Plaintiff collectively and individually, as well its predecessors, agents and attorneys, and each person acting or purporting to act on their behalf or under their control.

2.      The term "Defendant" or "R-BOC" means R-BOC Representatives, Inc.

3.      The terms "'726 patent" or "patent-in-suit" refers to United States Patent No. 6,851,726, issued on February 8, 2005 and entitled "Radial Conduit Coupling System and Method."

4.      "Document(s)," as used herein, refers to the broadest definition of document under the Federal Rules, e.g., anything which would be a "writing" or "recording" as defined in Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation every original (and every copy of any original or copy which differs in any way from any original because of notations thereon or attachments thereto or otherwise) of every writing or recording of every kind of description, whether handwritten, typed, drawn, printed or recorded by any physical, mechanical, electronic or electrical means, including electronic data compilations.

5.      "Thing(s)" means any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

6.      "Electronic data compilations" means information stored in computer memory, magnetic tapes, discs or any other computer data storage area from which such information can be read and be translated to usable form with the use of detection devices.

7.    To "identify" or "locate" documents and things means to provide a brief description of each document or thing sufficient to support a request for production, including at least the type of document or thing, date, identification of the author, as well as identification of each person who presently has custody of the document or thing and of any copy thereof.

8.    The terms "person" or "persons" refers to both natural persons and to corporate, governmental or other business entities and the acts of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

9.    To "identify" a person means to state the person's name and business address and telephone number and, additionally, in the case of a natural person, home address, employer, present occupation, job title and telephone number.

10.    The term "prior art" includes by way of example and without limitation, the subject matter described in 35 U.S.C. § 103 and in each subdivision of 35 U.S.C. § 102.

11.    The terms "and," "or" as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

12.    The term "relevant" means documents and other information which are relevant in the sense of Fed. R. Civ. P. 26 or Fed. R. Evid. 401-02; or which Plaintiffs intends to use to support their allegations or defenses; or which tend to prove or disprove any allegations or defenses of Defendants.

13.    The terms "relate to," "relating to" or "related to" mean relevant to, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of,

about, regarding, discussing, evidencing, showing, describing, reflecting, analyzing and/or constituting.

14.    The terms "infringe," "infringes," or "infringed" refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement and inducement to infringe.

## INTERROGATORIES

### Interrogatory No. 1

Explain in detail the basis for your contention that Defendant R-Boc had actual notice of the '726 patent, including a description of the circumstances under which and the date upon which you contend R-Boc first acquired such notice.  In your response:

A. Describe with specificity all facts that support your contention;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.


### Interrogatory No. 2

Explain in detail the basis for your contention in Minemyer's initial Complaint (filed March 29, 2007) and First Amended Complaint (filed May 21, 2007) that Defendant R-BOC "infringed claims 13 to 16 of Minemyer's Patent under Title 35,

U.S.C., § 271(a)" as of the respective filing dates of these documents.  In your response:

    A. Describe with specificity all facts that support your contention;

    B. Describe with specificity the legal basis that supports your contention;

    C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

    D. Identify all persons with knowledge of the facts upon which your contention is based.

## Interrogatory No. 3

Describe step-by-step all actions you took in conducting your pre-filing investigation of infringement of the patent in suit by the accused R-Boc products.

## Interrogatory No. 4

Explain in detail the basis for your contention in Minemyer's Second Amended Complaint (filed August 15, 2007) that Defendant R-BOC "infringed claims 1 to 6 and 10 to 15 of Minemyer's Patent under Title 35, U.S.C., § 271(a)."  In your response:

    A. Describe with specificity all facts that support your contention;

    B. Describe with specificity the legal basis that supports your contention;

    C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

    D. Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 5**

Identify each R-Boc product that you contend infringes claims 1-6 and 10-15 any claim of the patents-in-suit.  For each such product: state the complete factual and legal basis for your contention of infringement; provide, in the form of a chart, an element-by-element application of each asserted claim to the product; and identify those claim elements that you contend are literally present in the product and those elements that you contend are present under the doctrine of equivalents.

**Interrogatory No. 6**

Explain in detail the basis for your contention that Defendant R-Boc "induced the direct infringement of claims 1 to 6 and 10 to 15 of the Patent by Precision Molders and Edward and Sandra Krajecki and the contributory infringement by LeBac and Backman under Title 35, U.S.C, § 271(b)."  In your response:

A.  Describe with specificity all facts that support your contention;

B.  Describe with specificity the legal basis that supports your contention;

C.  Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.  Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 7**

Explain in detail the basis for your contention that Defendant R-Boc "in violation of Title 35, U.S.C., §271(b), induced the direct infringement of claims 1 to 6 and 10 to 15 of the Patent by Defendant Dura-Line and Dura-Line's customers."  In your response:

A. Describe with specificity all facts that support your contention;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 8**

State whether you are seeking damages in the form of a reasonable royalty and/or lost profits for alleged infringement of the patents in suit; state the amount of any damages sought, including your contention on the appropriate royalty rate that would have resulted from a "hypothetical negotiation" applying each of the applicable *Georgia Pacific* factors; and describe the complete factual and legal basis for the damages sought by you.

**Interrogatory No. 9**

 Identify all products made, used, sold, offered for sale or imported by, for or under license from you which was or is marked with the number of the patent in suit; the

date or dates on which any such marking began; and all products that are actually or allegedly covered by one or more claims of the patent in suit.


**Interrogatory No. 10**

Identify each and every feature of your couplers which you contend to be distinctive, nonfunctional trade dress, including without limitation, any allegedly protectable specific shape, color and/or surface design. In your response:

A. Describe with specificity all facts that support your contention;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.


**Interrogatory No. 11**

Explain in detail the basis for your contention that any feature(s) of your couplers identified in response to Interrogatory No. 9 have acquired a secondary meaning to indicate the source or origin of such couplers with your company, Lozon. In your response:

A. Describe with specificity all facts that support your contention;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.  Identify all persons with knowledge of the facts upon which your contention is based.

## Interrogatory No. 12

Explain in detail the basis for your contention that any feature(s) of your couplers identified in response to Interrogatory No. 9 are nonfunctional features.   In your response:

A.  Describe with specificity all facts that support your contention;

B.  Describe with specificity the legal basis that supports your contention;

C.  Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.  Identify all persons with knowledge of the facts upon which your contention is based.

## Interrogatory No. 13

Explain in detail the basis for your contention that any purchasers of Defendant R-Boc's couplers are likely to become confused as to the origin, sponsorship, or approval of R-Boc's couplers.  In your response:

A.  Describe with specificity all facts that support your contention, including all facts supporting each factor recited in *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 642 (7th Cir. 2001) ((1) the similarity between the alleged trade dress and Defendant's accused couplers appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the

degree and care likely to be exercised by consumers; (5) the strength of the mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another) as well as all facts supporting any other factor you contend is (or would be) relevant to the determination of a likelihood of confusion;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 14**

Explain in detail and with particularity the basis for your contention that Defendant R-Boc has violated the Illinois Consumer Fraud and Deceptive Business Practices Act. In your response:

A. Identify each specific instance or action of R-Boc that you contend constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act;

B. Describe with specificity all facts that support your contention;

C. Describe with specificity the legal basis that supports your contention;

D. Identify all tangible things, documents, and specific portions of documents that support your contention; and

E.  Identify all persons with knowledge of the facts upon which your contention is based.

## Interrogatory No. 15

Explain in detail and with particularity the basis for your contention that Defendant R-Boc has violated the Illinois Deceptive Trade Practices Act.  In your response:

A.  Describe with specificity all facts that support your contention;

B.  Describe with specificity the legal basis that supports your contention;

C.  Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.  Identify all persons with knowledge of the facts upon which your contention is based.

## Interrogatory No. 16

Explain in detail the basis for your contention that Defendant R-Boc has violated the Illinois Trade Secrets Act.  In your response:

A.  Describe with specificity all facts that support your contention, including without limitation all facts relating to (1) the alleged agreement between Defendant R-Boc and you "to keep confidential and secret information belonging to Minemyer that was secret or otherwise confidential, (2) your allegation that the information disclosed to Defendant R-Boc constitutes a trade secret, (3) the alleged disclosure of trade secret information to

Defendant R-Boc, (4) any alleged reasonable steps taken or reasonable efforts made by you to maintain the secrecy of any alleged trade secret, (5) the misappropriation of trade secret information by Defendant R-Boc, (6) the alleged use of trade secret information in Defendant R-Boc's business;

B.  Describe with specificity the legal basis that supports your contention;

C.  Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.  Identify all persons with knowledge of the facts upon which your contention is based.


**Interrogatory No. 17**

Explain in detail and with particularity the basis for your contention that Defendant R-Boc has violated the Illinois Common Law of Breach of Fiduciary Duty and Conspiracy to Breach Fiduciary Duty.  In your response:

A.  Describe with specificity all facts that support your contention, including without limitation, all facts relating to (1) a fiduciary duty on the part of Defendant R-Boc, (2) a breach of that fiduciary duty, (3) an injury you suffered as a result of such alleged breach, (4) a proximate cause between the alleged breach and injury, (5) an agreement by R-Boc to breach any alleged fiduciary duty, (6) any act taken by R-Boc in furtherance of any agreement to breach a fiduciary duty;

B.  Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.

## Interrogatory No. 18

Explain in detail the basis for your contention that Defendant R-Boc has violated the Illinois Common Law of Tortious Interference with and Misappropriation of Commercial Advantage.  In your response:

A. Describe with specificity all facts that support your contention, including without limitation, all facts relating to (1) the existence of a valid business relationship or expectancy, (2) R-Boc's knowledge of the relationship or expectancy, (3) an intentional interference by R-Boc inducing or causing a breach or termination of the relationship or expectancy, (4) resultant damage to the party whose relationship or expectancy has been disrupted;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 19**

Explain in detail the basis for your contention that Defendant R-Boc has unjustly benefited and been enriched to your detriment.  In your response:

    A.  Describe with specificity all facts that support your contention;

    B.  Describe with specificity the legal basis that supports your contention;

    C.  Identify all tangible things, documents, and specific portions of documents that support your contention; and

    D.  Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 20**

Explain in detail the basis for your contention that Defendant R-Boc has violated the Illinois Common Law of Implied Duty of Good Faith and Fair Dealing.  In your response:

    A.  Describe with specificity all facts that support your contention;

    B.  Describe with specificity the legal basis that supports your contention;

    C.  Identify all tangible things, documents, and specific portions of documents that support your contention; and

    D.  Identify all persons with knowledge of the facts upon which your contention is based.

**Interrogatory No. 21**

Explain in detail and with particularity the basis for your contention that Defendant R-Boc has violated the Illinois Common Law of Unfair Competition. In your response:

A. Describe with specificity all facts that support your contention;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.


Respectfully submitted,

Dated: October 21, 2008

By: /s/ Nicholas M. Dudziak
Matthew G. McAndrews
Nicholas M. Dudziak
Niro, Scavone, Haller & Niro
181 W. Madison Suite 4600
Chicago, IL 60602
(312) 236-0733
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com
E-mail:dudziak@nshn.com

**Attorneys for Defendants**

R-BOC Representatives, Inc., Carolyn Lundeen, Robert Lundeen, Precision Custom Molders, Inc., Edward Krajecki and Sandra Krajecki, LeBAC Plastic Mold Co., Inc., and Ronald Backman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2008, I electronically mailed the foregoing, **DEFENDANT R-BOC REPRESENTATIVE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF (NOS. 1-21)** to the following:

Eugene Frederic Friedman, Esq.
Gail Tuler Friedman, Esq.
Friedman & Friedman, LTD.
Printers Square – Suite 710
780 South Federal Street
Chicago, IL 60605
Phone: (312) 922-8882
Fax:  (312) 922-3616
E-mail: gene@friedmanpatents.com
E-mail: gail@friedmanpatents.com

Douglas M. Chalmers, Esq.
Law offices of Douglas M. Chalmers
77 West Wacker Drive
Chicago, Illinois  60601
Phone:  (312) 606-8700
Fax:  (312) 444-1028
E-mail:  dmc@chalmers-law.com

**Attorneys for Plaintiff, John T. ("Tom") Minemyer**

Jacque P. McCray, Esq.
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 South Wacker drive
Chicago, Illinois  60606
Phone: (312) 876-8000
E-mail: jmccray@sonnenschein.com

Juliet A. Cox, Esq.
Bryan P. Stanley, Esq.
Adam C. Rehm, Esq.
Sonnenschein Nath & Rosenthal LLP
4520 Main Street, Suite  1100
Kansas City, Missouri  64111
Phone: (816) 460-2400
E-mail: jcox@sonnenschein.com
E-mail: bstanley@sonnenschein.com
E-mail: arehm@sonnenschein.com

**Attorneys for Defendants, Dura-Line Corporation and Timothy A. Grimsley**

Dated: October 21, 2008                  By: /s/ Nicholas M. Dudziak

16