IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN T. ("TOM") MINEMYER,<br><br>    Plaintiff,<br><br>    v.<br><br>R-BOC REPRESENTATIVES, INC., et al.,<br><br>    Defendants. | Civil Action No. 07-CV-1763<br><br>Magistrate Judge Jeffrey Cole |

**DEFENDANTS' EMERGENCY MOTION FOR SANCTIONS
FOR PLAINTIFF'S VIOLATION OF THE COURT'S MARCH 4, 2009 ORDER**

**I.     Introduction**

This is a complex action involving the federal and state statutory and common law claims of Plaintiff, John T. Minemyer ("Minemyer") against 10 defendants (collectively, "Defendants"). Minemyer's Second Amended Complaint asserts 12 counts. During the course of discovery, Minemyer has, on several occasions, ignored discovery deadlines imposed by the Federal Rules, and, most recently, violated the Court's Order of March 4, 2009 compelling Minemyer to provide amended responses to Defendants' interrogatories no later than March 18, 2009 (the "March 4 Order"). (Order, 3/4/2009, Docket No. 148, attached hereto as Ex. A.)

Before they depose Minemyer, his former employee, Mark Maynard, or any third parties, Defendants are entitled to know the factual and legal bases of Minemyer's complex and far-reaching claims. Minemyer's habitual delinquency in providing discovery responses has prejudiced Defendants by frustrating their ability to prepare for upcoming depositions and otherwise craft their legal defenses to Minemyer's numerous

claims. Defendants should not be prejudiced, and the preparation of their defenses should not be "rushed," because Minemyer chose to ignore a directive from the Court. The reasonable and "proportional" remedy that Defendants seek is a "one-to-one" extension of all existing scheduled dates by the number of days Minemyer's Court-ordered interrogatory responses were delinquent. Defendants should also be awarded the reasonable expenses, including attorney fees, of preparing this motion.

Defendants seek redress on an "emergency" basis because of the likelihood of further prejudice to them if the important scheduling matters at issue are not decided immediately.

**II.   Minemyer's Disregard of the
       March 4 Order Constitutes Civil Contempt**

As discussed during the teleconference between the Court and counsel on April 8, 2009, it is undisputed that Minemyer's violation of the March 4 Order constitutes civil contempt. "For a party to be held in civil contempt, that party must have violated an order or decree that 'set[s] forth in specific detail an unequivocal command.'" *Romaine v. City of Chicago*, 2006 WL 3827316 *2 (N.D. Ill. 2006) (Slip Op. attached as Ex. B) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999); *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)). The March 4 Order unequivocally compelled Minemyer to amend certain of his interrogatory responses by March 18, 2009. Minemyer ignored that deadline. He did not move the Court for an extension of time; he did not seek Defendants' consent to an extension.

On March 27, 2009, nine days after the ordered deadline, Minemyer served Defendants with a single amended response to Defendant Robert Lundeen's Interrogatory No. 20. (D. Chalmers e-mail to M. McAndrews, et al., 3/27/2009, 6:16

p.m., attached hereto as Ex. C.)  As of counsels' call with the Court on April 8, 2009 – 21 days after the March 18 deadline – Minemyer had failed to serve amended responses to Defendant R-BOC's Interrogatories Nos. 8, 10, and 11.  At 2:11 p.m., April 9, 2009 (the afternoon of this writing), on the eve of the Good Friday holiday and Easter Weekend, Minemyer served amended responses to Interrogatories Nos. 8, 10, and 11.  (D. Chalmers e-mail to M. McAndrews, et al., 4/9/2009, 2:13 p.m., attached hereto as Ex. D.)

That counsel for Minemyer is understaffed and overworked is no excuse for their violation of the March 4 Order.  Nor is the fact that counsel did not "intend" to violate the Order or otherwise act in bad faith.  *See, e.g., Romaine*, 2006 WL 3827316 *2 ("Wilfulness or bad faith is not a prerequisite to a finding of civil contempt.").

Defendants should not be prejudiced by Minemyer's disregard of the March 4 Order.  "Deadlines count, and those who ignore them do so at their own peril."  *Id.* at *7 (citations omitted).  Minemyer should bear the burden of his contempt.  An appropriate sanction for that contempt should be imposed.

### III.  An Extension of All Docketed Dates and an Award of Defendants' Costs and Fees Are an Appropriate Sanction

Although Minemyer has now belatedly served his amended interrogatory responses, Defendants have lost three weeks in the preparation of their defenses and, importantly, the upcoming depositions of Minemyer and third parties.  As the Court knows, Defendants have acted in good faith in dealing with Minemyer's three-month delinquency in serving his initial interrogatory responses (initially due November 24, 2008, served February 19, 2009; see, e.g., Pl.'s Answers to First Set of Interrogs. of Def. Backman, attached hereto as Ex. E), as well as in accommodating Mr. Minemyer's

personal scheduling difficulties. Regardless of his own scheduling requirements, Minemyer chose to file a 12-count complaint against 10 defendants. If Minemyer was unwilling or unable to comply with the deadlines set by the Federal Rules and Court order, he should have sought an extension of time, or dismissed the action.

Minemyer's repeated disregard for the Federal Rules and his violation of the March 4 Order warrant a three-week extension of all existing dates in this case. This sanction is directly proportional to the time Defendants have lost in preparing their case as a result of Minemyer's contempt. *See, e.g., Romaine*, 2006 WL 3827316 *6 ("[A]ny sanction must be proportional to the prejudice, if any, the plaintiff has suffered as a consequence [of the contemnor's conduct]."). Indeed, counsel for Defendants advised the Court and notified Minemyer during the March 4 hearing that Defendants would seek this exact relief in the event of further delay by Minemyer – an extension of all scheduled dates. (Counsel is aware of the requirement that such assertions be supported by the record, has ordered the transcript of the March 4 hearing, and will present the relevant excerpt to the Court upon request.) The additional three weeks will give counsel for Defendants adequate time to analyze Minemyer's amended interrogatory responses (which, presumably, now identify the specific documents and deposition excerpts that support Minemyer's numerous claims) and use them to prepare for upcoming depositions.

Counsel for Defendants have been diligent and have worked long hours in preparing their clients' defenses in this case. Still, as discussed at a recent hearing, lead counsel for the R-BOC Defendants has a previously scheduled family commitment for the latter two weeks of July 2009. Requiring Defendants to "shoehorn" the

4

preparation of their defenses into an abbreviated timeframe because of Minemyer's violation of the March 4 Order would be overly burdensome and unfair. It would also permit the interests of a contemnor to trump those of opponents who have abided by deadlines imposed by the Federal Rules and Court order.

As a further sanction for Minemyer's violation of the March 4 Order, Defendants request an award of their reasonable expenses, including attorney fees, associated with the preparation, filing, and argument of this motion. Such an award is mandatory under Rule 37(b)(2)(C), which provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request the entry of an Order extending all existing case dates by 21 days, and awarding Defendants their reasonable expenses, including attorney's fees, caused by Minemyer's violation of the March 4 Order. If the Court does not believe that the sought three-week extension represents a reasonable sanction under the circumstances, then Defendants respectfully request an additional period of time to brief alternative sanctions available pursuant to Rule 37(b)(2)(A)(i)-(vii).

Respectfully submitted,

Dated: April 9, 2009

/s/ Matthew G. McAndrews
Matthew G. McAndrews
Anna B. Folgers
Niro, Scavone, Haller & Niro
181 W. Madison Suite 4600

5

Chicago, Illinois 60602
(312) 236-0733
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com
E-mail: afolgers@nshn.com

**Attorneys for Defendants**

R-BOC Representatives, Inc., Carolyn Lundeen, Robert Lundeen, Precision Custom Molders, Inc., Edward Krajecki, Sandra Krajecki, LeBac Plastic Mold Co., Inc., and Ronald Backman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2009, I electronically filed the preceding **DEFENDANTS' EMERGENCY MOTION FOR SANCTIONS FOR PLAINTIFF'S VIOLATION OF THE COURT'S MARCH 4, 2009 ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Eugene Frederic Friedman, Esq.
Gail Tuler Friedman, Esq.
Friedman & Friedman, LTD.
Printers Square – Suite 710
780 South Federal Street
Chicago, Illinois 60605
Phone: (312) 922-8882
Fax: (312) 922-3616
E-mail: gene@friedmanpatents.com
E-mail: gail@friedmanpatents.com

Douglas M. Chalmers, Esq.
Law offices of Douglas M. Chalmers
77 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 606-8700
Fax: (312) 444-1028
E-mail: dmc@chalmers-law.com

**Attorneys for Plaintiff, John T. ("Tom") Minemyer**

Jacque P. McCray, Esq.
Sonnenschein, Nath & Rosenthal LLP
7800 Sears Tower
233 South Wacker drive
Chicago, Illinois 60606
Phone: (312) 876-8000
E-mail: jmccray@sonnenschein.com

Juliet A. Cox, Esq.
Matthew L. Faul, Esq.
Adam C. Rehn, Esq.
Bryan P. Stanley, Esq.
Sonnenschein, Nath & Rosenthal LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Phone: (816) 460-2400
E-mail: jcox@sonnenschein.com
E-mail: mfaul@sonnenschein.com
E-mail: arehn@sonnenschein.com
E-mail: bstandly@sonnenschein.com

**Attorneys for Defendants, Dura-Line Corporation and Timothy A. Grimsley**

Dated: April 9, 2009        /s/ Matthew G. McAndrews