# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN T. ("TOM") MINEMYER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 1763 |
| | ) | |
| vs. | ) | Magistrate Judge Cole |
| | ) | |
| R-BOC REPRESENTATIVES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED ANSWERS TO THE
FIRST SET OF INTERROGATORIES
OF DEFENDANT R-BOC REPRESENTATIVES, INC.**

Pursuant to the Court's Order of April 14, 2009, Plaintiff John T "Tom"

Minemyer amends his answers the First Set of Interrogatories of Defendant R-BOC

Representatives, Inc. as follows:

1.      Explain in detail the basis for your contention that Defendant R-Boc had actual notice of the '726 patent, including a description of the circumstances under which and the date upon which you contend R-Boc first acquired such notice. In your response:

    A.      Describe with specificity all facts that support your contention;

    B.      Describe with specificity the legal basis that supports your contention;

    C.      Identify all tangible things, documents, and specific portions of documents that support your contention; and

    D.      Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:      A. Plaintiff's contention is based on the fact that Robert and

Carolyn Lundeen, and thus R-BOC, were sent a copy of the patent on November 28,

2006 by plaintiff's attorney Tom Sedar. Moreover: Lozon's printed literature and

website has always identified plaintiff's products as patented or patent pending. Plaintiff informed Mr. Lundeen of the patent pending at a meeting in the spring of 2004 in Colorado Springs, Colorado. Mr. Lundeen asked about the patent several times from 2004 to 2006. After the patent issued in February 2005, plaintiff told Mr. Lundeen that the patent existed and could be searched through the patent office under plaintiff's name. Mr. Lundeen subsequently commented to plaintiff that he believed the patent covered a two-piece coupler, indicating that Mr. Lundeen had in fact located and read the patent. In October 2006, after plaintiff's sales manager discovered thousands of knockoff 2-inch couplers in use at a Verizon job site in California, plaintiff raised the patent again with the Lundeens, whom he suspected had supplied the knockoffs. Mr. Lundeen then questioned the validity of the patent, opining that reverse-threaded couplers had already been done, again indicating that Mr. Lundeen had actual notice of the patent. The deposition testimony of Robert and Carolyn Lundeen *and Edward Krajecki* further supports this contention. B. Plaintiff objects to this portion of this interrogatory as vague. C. Sedar letter *(JTM000061-75)*; Lozon sales literature *(JTM000142-165, 459-483, 15174-15196, 15252-15266; RBOC000318-340)*; emails regarding Lozon/Verizon/Patents (JTM000078-79, 81-89, 416; DUR001023-24); Robert *Lundeen Deposition (pp. 203:14-207:9, 223:10-230:4 with referenced exhibits);* Carolyn Lundeen Deposition *(170:14-179:2, 183:24-184:16, 192:1-194:4, 221:2-222:16 with referenced exhibits ); Edward Krajecki Deposition (55:5-56:12, 60:16-62:24, 70:15-20 with referenced exhibits)*. D. Plaintiff; Mark Maynard; Tom Sedar; Robert Lundeen; Carolyn

2

Lundeen. See plaintiff's Rule 26(a)(1) Initial Disclosures served August 28, 2007, as supplemented.

2.      Explain in detail the basis for your contention in Minemyer's Initial Complaint (filed March 29, 2007) and First Amended Complaint (filed May 21, 2007) that Defendant R-BOC "infringed claims 13 to 16 of Minemyer's Patent under Title 35, U.S.C., § 271(a)" as of the respective filing dates of these documents. In your response:

    A.      Describe with specificity all facts that support your contention;

    B.      Describe with specificity the legal basis that supports your contention;

    C.      Identify all tangible things, documents, and specific portions of documents that support your contention; and

    D.      Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:      A. Plaintiff's contention is based on the fact that R-BOC's "B&C" coupler is an exact duplicate of plaintiff's patented "Lozon" product. Moreover: Mr. Lundeen admitted to plaintiff in late October or early November 2006 that he had copied plaintiff's product. The deposition testimony of Ronald Backman, *Edward Krajecki* and Robert *and Carolyn* Lundeen further supports this contention. B. Plaintiff objects to this portion of this interrogatory as vague and possibly premature in calling for information which will be the subject of expert testimony. Subject to his objection, plaintiff refers defendants to 35 U.S.C. § 271. C. The patent; plaintiff's Preliminary Statement of Asserted Claims and Infringement Contentions served October 17, 2007; Lozon and B&C couplers in defendants' possession; Backman Deposition (*19:21-23, 21:13-22:5, 23:20-24:17, 36:19-23, 41:9-42:21, 53:16-23, 59:4-60:8, 77:18-78:8, 83:3-18, 104:10-105:7 with referenced exhibits*); *Edward Krajecki Deposition (34:8-19, 37:2-13, 140:22-143:3, 145:21-148:6*

*with referenced exhibits)*; Robert Lundeen Deposition *(pp. 89:13-98:11, 121:8-128:6, 129:17-133:22, 210:8-20, 212:19-214:7 with referenced exhibits); Carolyn Lundeen Deposition (20:10-242:17, 184:17-187:19, 209:1-21, 243:3-24 with referenced exhibits); see also RBOC000421, 834.* D. Plaintiff; Mark Maynard; all defendants. See plaintiff's Initial Disclosures, as supplemented.

3.      Describe step-by-step all actions you took in conducting your pre-filing investigation of infringement of the patent in suit by the accused R-Boc products.

**Answer**:      Plaintiff objects to this interrogatory to the extent that it seeks information covered by the attorney-client and/or work-product privileges. Subject to his objection, plaintiff states that before filing suit he and his attorneys examined the accused products and compared them to plaintiff's products and the patent. Plaintiff also sectioned the accused product to ascertain its internal features. Plaintiff notified the Lundeens, and thus R-BOC, and Tim Grimsley, and thus Dura-Line, that the accused products infringed the patent. Plaintiff's attorney wrote a cease-and-desist letter to the Lundeens and Grimsley enclosing a draft federal complaint. Subsequently, R-BOC's and plaintiff's attorneys exchanged letters. After attempts to resolve the matter failed, plaintiff filed suit.

4.      Explain in detail the basis for your contention in Minemyer's Second Amended Complaint (filed August 15, 2007) that Defendant R-BOC "infringed claims 1 to 6 and 10 to 15 of Minemyer's Patent under Title 35, U.S.C., § 271(a)." In your response:

A.      Describe with specificity all facts that support your contention;

B.      Describe with specificity the legal basis that supports your contention;

C.      Identify all tangible things, documents, and specific portions of documents that support your contention; and

      D.     Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:    A. Plaintiff's contention is based on the fact that R-BOC's "B&C"

coupler is an exact duplicate of plaintiff's patented "Lozon" product. See Answer to

Interrogatory 2, above.

     5.     Identify each R-Boc product that you contend infringes claims 1-6 and 10-15 any claim [sic] of the patents-in-suit. For each such product: state the complete factual and legal basis for your contention of infringement; provide, in the form of a chart, an element-by-element application of each asserted claim to the product; and identify those claim elements that you contend are literally present in the product and those elements that you contend are present under the doctrine of equivalents.

**Answer**:    Plaintiff contends that all reverse-threaded couplers and

adaptors produced by R-BOC infringe the patent. Plaintiff objects to the remainder

of this interrogatory as calling for information which will be the subject of expert

testimony. Subject to his objection, plaintiff refers defendants to plaintiff's

Preliminary Statement of Asserted Claims and Infringement Contentions, as well

as plaintiff's Answers to Interrogatories 2, above, and 6, below.

     6.     Explain in detail the basis for your contention that Defendant R-Boc "induced the direct infringement of claims 1 to 6 and 10 to 15 of the Patent by Precision Molders and Edward and Sandra Krajecki and the contributory infringement by LeBac and Backman under Title 35, U.S.C., § 271(b)." In your response:

      A.     Describe with specificity all facts that support your contention;

      B.     Describe with specificity the legal basis that supports your contention;

      C.     Identify all tangible things, documents, and specific portions of documents that support your contention; and

      D.     Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:       A. Plaintiff's contention is based on the fact that R-BOC, owned and run by the Lundeens, contracted with, paid money and provided sample Lozon couplers to Precision Molders, owned and run by the Krajeckis, in order to obtain molds made by LeBac, owned and run by Backman, that allowed Precision to make and sell to R-BOC, and allowed R-BOC to sell to Dura-Line and Dura-Line, with the knowledge and approval of Grimsley, to sell to its customers exact duplicates of the Lozon product, thereby infringing plaintiff's patent. Mr. Lundeen, moreover, admitted to plaintiff in late October or early November 2006 that he had copied plaintiff's product. See also Answer to Interrogatory 2, above. B. Plaintiff objects to this portion of this interrogatory as vague and possibly premature in calling for information which will be the subject of expert testimony. Subject to his objection, plaintiff refers defendants to 35 U.S.C. § 271. C. The patent; plaintiff's Preliminary Statement of Asserted Claims and Infringement Contentions; Lozon and B&C couplers in defendants' possession; most if not all documents produced by these defendants *(which would not exist but for the inducement; see also plaintiff's Amended Answers to these defendants' interrogatories)*; Backman Deposition *(pages referenced in response to interrogatory 2.C. above and pp. 6:4-8:10, 10:13-11:8, 16:8-19:23, 84:10-91:18, 96:12-97:18, 99:16-18, 112:5-114:10, 146:23-147:8 with referenced exhibits)*; *Edward Krajecki Deposition (in its entirety with referenced exhibits)*; Robert Lundeen Deposition *(pages referenced in response to interrogatory 2.C. above and pp. 105:8-107:3, 145:19-146:4, 180:8-190:5, 239:19-240:18, 288:4-293:24, 299:20-301:16, 303:20-306:13, 313:15-314:11, 320:15-325:1 with referenced exhibits)*;

Carolyn Lundeen Deposition (*pages referenced in response to interrogatory 2.C. above and pp. 52:2-56:22, 124:5-127:18, 222:20-224:10, 238:8-239:1 with referenced exhibits*). D. Plaintiff; Mark Maynard; all these defendants; Paresh Chari. See plaintiff's Initial Disclosures, as supplemented.

7.     Explain in detail the basis for your contention that Defendant R-Boc "in violation of Title 35, U.S.C., § 271(b) induced the direct infringement of claims 1 to 6 and 10 to 15 of the Patent by Defendant Dura-Line and Dura-Line's customers." In your response:

   A.     Describe with specificity all facts that support your contention;

   B.     Describe with specificity the legal basis that supports your contention;

   C.     Identify all tangible things, documents, and specific portions of documents that support your contention; and

   D.     Identify all persons with knowledge of the facts upon which your contention is based.

   **Answer**:     See Answer to Interrogatory No. 6, above.

8.     State whether you are seeking damages in the form of a reasonable royalty and/or lost profits for alleged infringement of the patents in suit; state the amount of any damages sought, including your contention on the appropriate royalty rate that would have resulted from a "hypothetical negotiation" applying each of the applicable *Georgia Pacific* factors; and describe the complete factual and legal basis for the damages sought by you.

   **Answer**:     Plaintiff objects to this interrogatory as premature in calling for information which will be the subject of expert testimony. Subject to his objection, plaintiff *states that he is seeking damages for lost profits, and not a royalty*. Plaintiff refers defendants to 35 U.S.C. § 284 and the computation of damages set forth in his Initial Disclosures*:*

   a.     *Lost profits on lost Lozon sales, 1.5 years: $1,250,000;*

    b.    *Lost profits on estimated additional R-BOC sales, 1 year: $1,000,000;*

    c.    *Lost value of Lozon goodwill and damage to reputation: $6,500,000;*

    d.    *Trebled damages pursuant to statute: $26,250,000.*

    e.    *Defendants' profits on sales of infringing product: unknown at present;*

    f.    *Attorneys' fees, costs and interest: to be determined.*

Plaintiff also refers defendants to the documents produced in response to the First and Second Requests for Production of the R-BOC Defendants, in particular *JTM000001-026, 095-112, 132-135, 321-352, 368-389 and* plaintiff's QuickBooks files, *including the reports produced in connection with his Amended Answer to Interrogatory No. 20 of Defendant Robert Lundeen,* and to defendants' sales and financial records, *in particular, RBOC000042-143, 147-171, 611-615, 1323-1332, 1498-1521, 1524-1570, 1574-1590, 1592-2535, 2813-2997, 2999-3879; PCM000025, 31-214, 636-659; DUR000294-997, 1068-1089, 1121-1131, 1152-3444, 3517-3518, 3524-3528, 3534-3536, 3537-3544.*

    9.    Identify all products made, used, sold, offered for sale or imported by, for or under license from you which was or is marked with the number of the patent in suit; the date or dates on which any such marking began; and all products that are actually or allegedly covered by one or more claims of the patent in suit.

    **Answer**:    None of plaintiff's products were so marked. Plaintiff's one- and two-piece reverse-threaded, plastic couplers are covered, in whole or in part, by the patent.

10.     Identify each and every feature of your couplers which you contend to be distinctive, nonfunctional trade dress, including without limitation, any allegedly protectable specific shape, color and/or surface design. In your response:

A.     Describe with specificity all facts that support your contention;

B.     Describe with specificity the legal basis that supports your contention;

C.     Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.     Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:     A. The length, diameter, internal lead-in taper, flutes, arrows, the solid reinforced area between the flutes and end taper, and the base coloring of the material. B. Plaintiff objects to this portion of this interrogatory as vague and possibly premature in calling for information which will be the subject of expert testimony. Subject to his objection, plaintiff states: see e.g. *Logan Graphic Products, Inc. v. Textus USA, Inc*., 67 U.S.P.Q.2d 1470 (N.D. Ill. 2003). C. The patent and patent drawings; Lozon, B&C, Jack Moon, Condu-Grip and other couplers in defendants' possession; *plaintiff's and other coupler sales documents and literature produced in response to the First and Second Requests for Production of the R-BOC Defendants, in particular, JTM000046, 49, 51, 53, 58, 142-167, 194-213, 233, 236, 238, 240, 245, 298-306, 459-483, 3551-3559, 5092-5159, 5923-5924, 5963, 5986, 6021, 6051, 6057, 6064, 6081, 6092, 6099, 6491, 6546, 6549, 6574, 6577, 6633, 6701, 6719-6720, 6741, 6743, 6773, 6793, 6795, 7687-7689, 7787, 7789, 7791-7797, 7812-7814, 7816-7820, 7832-7833, 9678, 11452-11455, 14789-14794, 14924-14971, 14976-14977, 14986-15019, 15094-15099, 15174-15196, 15252-15276, 15281-15290, 15365-15366, 15430-15477, 15482-15487, 15617-15664, 15669-15670, 15734-15758, 15771-*

*15774, 15856-15859, 15956-15993, 19135, 19145, 19204*; R-BOC and Dura-Line

sales documents and literature, *in particular, RBOC000144-146, 291-299, 307-340,*

*378-382, 837-838, 2702-2708; DUR000998-999, 1049-1051, 1056, 1096-1098*. D.

Plaintiff; Mark Maynard; Robert Lundeen; Carolyn Lundeen; Tim Grimsley; Pat

Felux; Doug Teller; Bernard Cross; Cliff Ginn; Bob Parrish; Ron Brown; George

Guzman. See plaintiff's Initial Disclosures, as supplemented.

11.     Explain in detail the basis for your contention that any feature(s) of
your couplers identified in response to Interrogatory No. 9 [sic] have acquired a
secondary meaning to indicate the source or origin of such couplers with your
company, Lozon. In your response:

   A.     Describe with specificity all facts that support your contention;

   B.     Describe with specificity the legal basis that supports your contention;

   C.     Identify all tangible things, documents, and specific portions of
          documents that support your contention; and

   D.     Identify all persons with knowledge of the facts upon which your
          contention is based.

   **Answer**:     Plaintiff suggests this interrogatory meant to refer to "couplers

identified in response to Interrogatory No. 10," not "9", and answers: A. Plaintiff's

distinctive "Lozon" product has been on the market since 1998. Plaintiff has sold

millions of "Lozon" couplers in that time, becoming the largest and best-selling

coupler manufacturer. B. Plaintiff objects to this portion of this interrogatory as

vague and possibly premature in calling for information which will be the subject of

expert testimony. Subject to his objection, plaintiff states: see e.g. *Logan Graphic*

*Products, Inc.* C. The patent and patent drawings; Lozon, B&C, Jack Moon, Condu-

Grip and other couplers in defendants' possession; plaintiff's *and other coupler* sales

documents and literature produced in response to the First and Second Requests for

Production of the R-BOC Defendants, *in particular, JTM000046, 49, 51, 53, 58, 142-*

*167, 194-213, 233, 236, 238, 240, 245, 298-306, 459-483, 3551-3559, 5092-5159,*

*5923-5924, 5963, 5986, 6021, 6051, 6057, 6064, 6081, 6092, 6099, 6491, 6546, 6549,*

*6574, 6577, 6633, 6701, 6719-6720, 6741, 6743, 6773, 6793, 6795, 7687-7689, 7787,*

*7789, 7791-7797, 7812-7814, 7816-7820, 7832-7833, 9678, 11452-11455, 14789-*

*14794, 14924-14971, 14976-14977, 14986-15019, 15094-15099, 15174-15196, 15252-*

*15276, 15281-15290, 15365-15366, 15430-15477, 15482-15487, 15617-15664, 15669-*

*15670, 15734-15758, 15771-15774, 15856-15859, 15956-15993, 19135, 19145, 19204*;

R-BOC and Dura-Line sales documents and literature, *in particular, RBOC000144-*

*146, 291-299, 307-340, 378-382, 837-838, 2702-2708; DUR000998-999, 1049-1051,*

*1056, 1096-1098.* D. See persons identified in Answer to Interrogatory 10.D., above,

and in plaintiff's Initial Disclosures, as supplemented.

12.     Explain in detail the basis for your contention that any feature(s) of your couplers identified in response to Interrogatory No. 9 [sic] are nonfunctional features. In your response:

A.     Describe with specificity all facts that support your contention;

B.     Describe with specificity the legal basis that supports your contention;

C.     Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.     Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:     Plaintiff suggests this interrogatory meant to refer to "couplers

identified in response to Interrogatory No. 10," not "9", and answers: A. Plaintiff's

"Lozon" product has specific internal features, covered by the patent, that make the

coupler perform properly. The external features, identified in Answer to Interrogatory 10, above, are nonfunctional and serve to identify the product as a "Lozon" coupler. B. Plaintiff objects to this portion of this interrogatory as vague and possibly premature in calling for information which will be the subject of expert testimony. Subject to his objection, plaintiff states: see e.g. *Logan Graphic Products, Inc.* C. The patent and patent drawings; Lozon, B&C, Jack Moon, Condu-Grip and other couplers in defendants' possession. D. See persons identified in Answer to Interrogatory 10.D., above, and in plaintiff's Initial Disclosures, as supplemented.

13. Explain in detail the basis for your contention that any purchasers of Defendant R-Boc's couplers are likely to become confused as to the origin, sponsorship, or approval of R-Boc's couplers. In your response:

A. Describe with specificity all facts that support your contention, including all facts supporting each factor recited in Packman v. Chicago Tribune Co., 267 F.3d 628, 642 (7th Cir. 2001) ((1) the similarity between the alleged trade dress and Defendant's accused couplers appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another) as well as all facts supporting any other factor you content is (or would be) relevant to the determination of a likelihood of confusion;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**: A. Plaintiff's contention is based on the fact that R-BOC's "B&C" coupler is an exact duplicate of plaintiff's "Lozon" product. Moreover: Plaintiff's distinctive "Lozon" product has been on the market since 1998. Plaintiff has sold

millions of "Lozon" couplers in that time, becoming the largest and best-selling

coupler manufacturer. For years, Robert and Carolyn Lundeen sold plaintiff's

"Lozon" coupler through R-BOC, a manufacturer's representative and distributor.

Plaintiff's "Lozon" couplers met the specifications of, and had been qualified for sale

to, telecommunications industry customers, which assigned unique identification

numbers to the "Lozon" product sold by R-BOC. R-BOC then sold its "B&C" product

under these same identification numbers, and R-BOC substituted the "Lozon" and

"B&C" products for each other in sales to Dura-Line and Dura-Line's customers.

Plaintiff objects to the remainder of this portion of this interrogatory as premature

in calling for information which will be the subject of expert testimony. B. Plaintiff

objects to this portion of this interrogatory as vague and possibly premature in

calling for information which will be the subject of expert testimony. Subject to his

objection, plaintiff states: see e.g. *Logan Graphic Products, Inc.* C. The patent and

patent drawings; Lozon, B&C, Jack Moon, Condu-Grip and other couplers in

defendants' possession; sales records of plaintiff, R-BOC and Dura-Line, *in*

*particular JTM000001-026, 095-112, 132-135, 321-352, 368-389 and plaintiff's*

*QuickBooks files, including the reports produced in connection with his Amended*

*Answer to Interrogatory No. 20 of Defendant Robert Lundeen, and RBOC000024-35,*

*42-143, 147-171, 485-490, 611-615, 834, 1323-1332, 1498-1521, 1524-1570, 1574-*

*1590, 1592-2535, 2813-2997, 2999-3879; PCM000025, 31-214, 636-659; DUR000294-*

*997, 1068-1089, 1121-1131, 1152-3444, 3517-3518, 3524-3528, 3534-3536, 3537-*

*3544;* Robert *Lundeen Deposition (pages referenced in response to interrogatories 2.C*

*and 6.C. above and pp. 37:17-38:3, 53:2-54:5, 66:6-71:18, 74:1-78:23 with referenced*

*exhibits);* Carolyn Lundeen Deposition *(pages referenced in response to*

*interrogatories 2.C. and 6.C. above); Edward Krajecki Deposition (pages referenced*

*in response to interrogatory 2.C. above).* D. See persons identified in Answer to

Interrogatory 10.D., above, and in plaintiff's Initial Disclosures, as supplemented.

14.     Explain in detail and with particularity the basis for your contention
that Defendant R-Boc has violated the Illinois Consumer Fraud and Deceptive
Business Practices Act. In your response:

A.     Identify each specific instance or action of R-Boc that you contend
constitutes a violation of the Illinois Consumer Fraud and Deceptive
Business Practices Act;

B.     Describe with specificity all facts that support your contention;

C.     Describe with specificity the legal basis that supports your contention;

D.     Identify all tangible things, documents, and specific portions of
documents that support your contention; and

E.     Identify all persons with knowledge of the facts upon which your
contention is based.

**Answer**:     A.-B. Plaintiff's contention is based on the fact that R-BOC's

"B&C" coupler is an exact duplicate of plaintiff's "Lozon" product. R-BOC copied

plaintiff's product and passed-off its product as plaintiff's. Moreover: See Answers to

Interrogatories 2, 4, 6-7, 10-13, above, and 15, 21, below. C. The Act, 815 ILCS

505/2, states that "the use or employment of any deception, fraud, false pretense,

false promise, misrepresentation or the concealment, suppression or omission of any

material fact, with intent that others rely upon the concealment, suppression or

omission of such material fact, or the use or employment of any practice described

in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5,

14

1965, in the conduct of any trade or commerce are hereby declared unlawful

whether any person has in fact been misled, deceived or damaged thereby." The Act

should apply here. D. See documents identified in Answer to Interrogatories 2, 4, 6-

7, 10-13, above, and 15, 21, below. E. See persons identified in Answer to

Interrogatories 2, 4, 6-7, 10-13, above, and 15, 21, below, and in plaintiff's Initial

Disclosures, as supplemented.

15.    Explain in detail and with particularity the basis for your contention
that Defendant R-Boc has violated the Illinois Deceptive Trade Practices Act. In
your response:

A.    Describe with specificity all facts that support your contention;

B.    Describe with specificity the legal basis that supports your contention;

C.    Identify all tangible things, documents, and specific portions of
documents that support your contention; and

D.    Identify all persons with knowledge of the facts upon which your
contention is based.

**Answer**:    Plaintiff's contention is based on the fact that R-BOC's "B&C"

coupler is an exact duplicate of plaintiff's "Lozon" product. R-BOC copied plaintiff's

product and passed-off its product as plaintiff's. Moreover: See Answers to

Interrogatories 2, 4, 6-7, 10-14, above, and 21, below.  B. The Act, 815 ILCS 510/2,

states that "a person engages in a deceptive trade practice when, in the course of his

or her business, vocation, or occupation, the person: (1) passes off goods or services

as those of another; (2) causes likelihood of confusion or of misunderstanding as to

the source, sponsorship, approval, or certification of goods or services; (3) causes

likelihood of confusion or of misunderstanding as to affiliation, connection, or

association with or certification of another; … (12) engages in any other conduct

which similarly creates a likelihood of confusion or misunderstanding." The Act

should apply here. C. See documents identified in Answer to Interrogatories 2, 4, 6-

7, 10-14, above, and 21, below. D. See persons identified in Answer to

Interrogatories 2, 4, 6-7, 10-14, above, and 21, below, and in plaintiff's Initial

Disclosures, as supplemented.

16.    Explain in detail the basis for your contention that Defendant R-Boc has violated the Illinois Trade Secrets Act. In your response:

A.    Describe with specificity all facts that support your contention, including without limitation all facts relating to (1) the alleged agreement between Defendant R-Boc and you "to keep confidential and secret information belonging to Minemyer that was secret or otherwise confidential, (2) your allegation that the information disclosed to Defendant R-Boc constitutes a trade secret, (3) the alleged disclosure of trade secret information to Defendant R-Boc, (4) any alleged reasonable steps taken or reasonable efforts made by you to maintain the secrecy of any alleged trade secret, (5) the misappropriation of trade secret information by Defendant R-Boc, (6) the alleged use of trade secret information in Defendant R-Boc's business;

B.    Describe with specificity the legal basis that supports your contention;

C.    Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.    Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:    *This claim has been withdrawn by agreement of the parties.*

17.    Explain in detail the basis for your contention that Defendant R-Boc has violated the Illinois Common Law of Breach of Fiduciary Duty and Conspiracy to Breach Fiduciary Duty. In your response:

A.    Describe with specificity all facts that support your contention, including without limitation, all facts relating to (1) a fiduciary duty on the part of Defendant R-Boc, (2) a breach of that fiduciary duty, (3) an injury you suffered as a result of such alleged breach, (4) a proximate cause between the alleged breach and injury, (5) an agreement by R-

Boc to breach any alleged fiduciary duty, (6) any act taken by R-Boc in furtherance of any agreement to breach a fiduciary duty;

B.      Describe with specificity the legal basis that supports your contention;

C.      Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.      Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:      A. Plaintiff's contention is based on the fact that since 2003, R-BOC acted as plaintiff's manufacturer's representative, and later plaintiff's exclusive distributor, a fiduciary relationship in which plaintiff placed trust and confidence in R-BOC and the Lundeens, who, in conspiracy with each other and with Grimsley, breached their fiduciary duties to plaintiff by secretly copying plaintiff's product and substituting the knockoff for plaintiff's product; misleading plaintiff by continuing to order and supply plaintiff's product to customers until the knockoff was ready; and misleading plaintiff to believe only his product was being bid and sold to customers, when in fact the knockoff was being bid and sold. B. Fiduciary relationships are recognized by the Illinois common law, and should apply here. C. See the parties' contract and surrounding correspondence (*JTM000039-42, 78-94, 390, 402-406, 413-458; RBOC000810-831*); Declaration of Tom Minemyer, Document 47-2, filed July 13, 2007; Robert Lundeen Deposition (*pages referenced in response to interrogatories 2.C, 6.C and 13.C above and pp. 70:20-73:24, 106:11-111:4, 111:21-121:7, 145:3-18, 146:5-149:13, 158:1-162:11, 191:8-200:11, 214:14-215:15, 220:8-222:17, 232:14-233:6, 277:13-280:11 with referenced exhibits)* and Carolyn Lundeen Deposition (*15:14-20:9, 63:3-70:21, 73:19-80:22, 84:15-85:13, 86:6-*

*88:8, 106:24-108:5, 123:5-124:2, 132:6-135:20, 158:12-160:10, 162:6-163:15, 179:3-*

*180:4, 189:18-191:2, 227:13-229:7 with referenced exhibits)*; email *and*

correspondence between the Lundeens, Grimsley *and Mark Maynard*

(RBOC000567, *355-356, 425, 485-490, 494-495, 514-515, 518-519, 531, 533, 537-541,*

*611-615*; *DUR003520-22; JTM000078-94, 390-458*). D. Plaintiff; Mark Maynard;

Robert Lundeen; Carolyn Lundeen; Tim Grimsley. See plaintiff's Initial Disclosures,

as supplemented.

18.   Explain in detail the basis for your contention that Defendant R-Boc
has violated the Illinois Common Law of Tortious Interference with and
Misappropriation of Commercial Advantage. In your response:

> A.   Describe with specificity all facts that support your contention,
> including without limitation, all facts relating to (1) the existence of a
> valid business relationship or expectancy, (2) R-Boc's knowledge of the
> relationship or expectancy, (3) an intentional interference by R-Boc
> inducing or causing a breach or termination of the relationship or
> expectancy, (4) resultant damage to the party whose relationship or
> expectancy has been disrupted;

> B.   Describe with specificity the legal basis that supports your contention;

> C.   Identify all tangible things, documents, and specific portions of
> documents that support your contention; and

> D.   Identify all persons with knowledge of the facts upon which your
> contention is based.

**Answer**:   A. Plaintiff's contention is based on the fact that R-BOC,

plaintiff's exclusive distributor, bid and won the right to supply plaintiff's "Lozon"

couplers to Verizon, only to secretly copy plaintiff's product and substitute the

knockoff under the Verizon contract, thereby interfering with plaintiff's contractual

rights and misappropriating his commercial advantage in the marketplace, as well

as destroying plaintiff's business. Moreover: R-BOC secretly bid its "B&C" product

in place of plaintiff's when renewing the Verizon contract, while promising plaintiff only his product would be bid. R-BOC has further misappropriated plaintiff's commercial advantage by substituting its "B&C" coupler for plaintiff's in sales to AT&T and other customers. B. These torts are recognized by the Illinois common law, and should apply here. C. See the parties' contract and surrounding correspondence (*JTM000039-42, 78-94, 390, 402-406, 413-458; RBOC000810-831*); see also the Declaration of Tom Minemyer; email correspondence between the Lundeens, Grimsley and Mark Maynard (RBOC000567, *355-356, 425, 485-490, 494-495, 514-515, 518-519, 531, 533, 537-541, 611-615*; *DUR003520-22; JTM000078-94, 390-458*) *and the documents identified in Answer to Interrogatories 1-2, 6, 17, above.* D. Plaintiff; Mark Maynard; Robert Lundeen; Carolyn Lundeen; Tim Grimsley. See plaintiff's Initial Disclosures, as supplemented.

19.    Explain in detail the basis for your contention that Defendant R-Boc has unjustly benefited and been enriched to your detriment. In your response:

A.    Describe with specificity all facts that support your contention;

B.    Describe with specificity the legal basis that supports your contention;

C.    Identify all tangible things, documents, and specific portions of documents that support your contention; and

D.    Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**:    A. Plaintiff's contention is based on the fact that R-BOC, plaintiff's exclusive distributor, secretly copied plaintiff's product and substituted the knockoff product for plaintiff's; misled plaintiff by continuing to order and supply plaintiff's product to customers until the knockoff was ready; and also misled

plaintiff to believe only his product was being bid and sold to customers, thereby gaining the benefit of the sales revenue, commercial advantage and goodwill that belonged to plaintiff. B. The tort of unjust enrichment is recognized by the Illinois common law, and should apply here. C. This defendant's financial statements, sales records and tax returns, *in particular RBOC000241-290, 791-809, 912-986, 987-1262, 1306-1333, 1591-2535, 2812-3879;* see also *RBOC000172-208, 213-14, 750-790, 2536-2630 and* the documents identified in Answer to Interrogatories 1-2, 6, *17*, 18, above. D. Plaintiff; Mark Maynard; all defendants. See plaintiff's Initial Disclosures, as supplemented.

20. Explain in detail the basis for your contention that Defendant R-Boc has violated the Illinois Common Law of Implied Duty of Good Faith and Fair Dealing. In your response:

A. Describe with specificity all facts that support your contention;

B. Describe with specificity the legal basis that supports your contention;

C. Identify all tangible things, documents, and specific portions of documents that support your contention; and

D. Identify all persons with knowledge of the facts upon which your contention is based.

**Answer**: A. Plaintiff's contention is based on the fact that R-BOC, plaintiff's exclusive distributor, secretly copied plaintiff's product and substituted the knockoff for plaintiff's product; misled plaintiff by continuing to order and supply plaintiff's product to customers until the knockoff was ready; and also misled plaintiff to believe only his product was being bid and sold to customers, when in fact the knockoff was being bid and sold. B. Every contract contains an implied covenant of good faith and fair dealing. C. See the parties' contract and surrounding

correspondence (*JTM000039-42, 78-94, 390, 402-406, 413-458; RBOC000810-831*);

the Declaration of Tom Minemyer; email *and* correspondence between Lundeens,

Grimsley *and Mark Maynard* (RBOC000567, *355-356, 425, 485-490, 494-495, 514-*

*515, 518-519, 531, 533, 537-541, 611-615; DUR003520-22; JTM000078-94, 390-458*);

see also the documents identified in Answer to Interrogatories 2, 6, *13-*17, above. D.

Plaintiff; Mark Maynard; Robert Lundeen; Carolyn Lundeen; Tim Grimsley. See

plaintiff's Initial Disclosures, as supplemented.

21.    Explain in detail the basis for your contention that Defendant R-Boc
has violated the Illinois Common Law of Unfair Competition. In your response:

A.    Describe with specificity all facts that support your contention;

B.    Describe with specificity the legal basis that supports your contention;

C.    Identify all tangible things, documents, and specific portions of
documents that support your contention; and

D.    Identify all persons with knowledge of the facts upon which your
contention is based.

**Answer**:    A. Plaintiff's contention is based on the fact that R-BOC,

plaintiff's exclusive distributor, secretly copied plaintiff's product and substituted

the knockoff for plaintiff's product; misled plaintiff by continuing to order and

supply plaintiff's product to customers until the knockoff was ready; and also misled

plaintiff to believe only his product was being bid and sold to customers when in

fact the knockoff was being bid and sold. See also plaintiff's Answers to

Interrogatories 13-20, above. B. This tort is recognized by the Illinois common law,

and should apply here. C. See the parties' contract and surrounding correspondence

(*JTM000039-42, 78-94, 390, 402-406, 413-458; RBOC000810-831*); the Declaration

of Tom Minemyer; email *and* correspondence between Lundeens, Grimsley *and*

*Mark Maynard* (RBOC000567; *DUR003520-22; JTM000078-94, 390-458*); see also

the documents identified in Answer to Interrogatories 2, 6, *13*-17, *20* above. D. See

persons identified in Answer to Interrogatories 2, 4, 6-7, 10-14, above, and in

plaintiff's Initial Disclosures, as supplemented.

Respectfully submitted,

JOHN T. "TOM" MINEMYER, Plaintiff,

_____

As to objections:

By: s/ Douglas M. Chalmers

His Attorney

Eugene F. Friedman                          Douglas M. Chalmers
FRIEDMAN & FRIEDMAN, LTD.    DOUGLAS M. CHALMERS, P.C.
Printers Square                               77 West Wacker Drive
780 South Federal Street, Suite 710    The Chambers, Suite 4800
Chicago, IL  60605                          Chicago, Illinois  60601
Telephone:  312-922-8882              Telephone:  312-606-8700
Facsimile:  312-922-3616               Facsimile:   312-444-1028
ARDC # 0882879                          ARDC # 6200986

CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on the 21st day of April, 2009, he served the foregoing Plaintiff's Amended Answers to the First Set of Interrogatories of Defendant R-BOC Representatives, Inc. by causing a copy to be sent via email to counsel of record set forth below:

Matthew G. McAndrews
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL  60602

Juliet A. Cox
Sonnenschein Nath & Rosenthal LLP
4520 Main Street
Suite 1100
Kansas City, MO  64111

s/ Douglas M. Chalmers
Douglas M. Chalmers

Douglas M. Chalmers
DOUGLAS M. CHALMERS, P.C.
77 West Wacker Drive
The Chambers, Suite 4800
Chicago, Illinois  60601
Telephone:  312-606-8700
Facsimile:  312-444-1028
ARDC # 6200986