# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN T. ("TOM") MINEMYER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 1763 |
| | ) Magistrate Judge Cole |
| B-ROC REPRESENTATIVES, INC., et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On November 3, 2009, I had a late afternoon conference call with counsel for the parties. During the call, the defendants complained that their ability to defend this a complex patent case, which is scheduled to begin on November 16, 2009, has been compromised by recent delays that the defendants claim are part of a pattern of noncompliance by plaintiff with court ordered deadlines. The defendants orally moved to continue the trial. The minute order of November 3rd, which summarized the conference call, noted the plaintiff's oral motion to extend the pretrial conference date to Wednesday, November 11th. But November 11th is a holiday and so the pretrial conference could not be held until Thursday, November 12th. The minute order went on to say that:

> "compounding the situation is the defendants' extensive motion to reconsider certain of the summary judgment rulings adverse to them. That motion is scheduled to be heard on Thursday, November 5th. The situation that has required the plaintiff's counsel to seek additional time to file the pretrial order will also affect the promptness with which they can respond to the motion to reconsider, which in turn will affect the defendant's reply time. Although it is uncertain, the impression I received during our conference call was that the parties may have serious disputes about the evidence in the case and the jury instructions. These delays may affect the ability of the court and the parties to proceed with the trial on November 16th. The defendants have complained during the conference call today that their ability to defend the case may be compromised by these delays.

The minute order then noted:

> What the Seventh Circuit said in the context of a criminal case applies here, *pari passu*: "Judicial efficiency does not warrant sacrificing a defendant's right to a fair trial." *United States v. Walters*, 913 F.2d 388, 393 (7th Cir. 1990). *See also Gavino v. MacMahon*, 499 F.2d 1191, 1196 (2d Cir. 1974)(To sacrifice a fair trial to the interest of expedition would surely undermine the true administration of justice.). [1]

Finally, the minute order said: "[i]t may well be that the plaintiff's ability to prosecute the case is affected as well.[2] As the Supreme Court long ago said, in a somewhat different context, 'attempted presentation of cases without adequate preparation...discredits the bar and obstructs the administration of justice.' *New York Central R.R. Co. v. Johnson*, 279 U.S. 310, 319 (1929)."

The next day, the defendants filed an Emergency Motion to Extend the Trial Date Until Early 2010. [#265]. The motion contends that a continuance is necessary because of lengthy delays during the course of discovery which they contend were caused by the plaintiff. In addition, they point out that the pretrial order has yet to be compiled – a delay which they also contend is attributable to the plaintiff. At a hearing on the motion on Friday, November 6, 2009, plaintiff's counsel stated that

---

[1] Given the current status of things, proceeding with the trial would not in any event be judicially efficient. Quite the contrary. The adversary system is fundamental to Anglo-American jurisprudence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). Thus, judges depend upon input from lawyers. *See, e.g., United States v. Cronic*, 466 U.S. 648, 655 (1984); *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613-614 (7th Cir.2006); *United States v. Elliott*, 467 F.3d 688, 690 (7th Cir.2006). *See also* Holmes, *The Law*, in Collected Speeches 16 (1931) ("Shall I ask what a court would be, unaided? The law is made by the Bar, even more than by the Bench."). Without adequate time for the parties to prepare a comprehensive and fully informed pretrial order, a court is effectively forced to assume a role it should not and the chances of judicial error are heightened, thereby affecting not only the parties, but the accuracy of the judicial system, itself.

[2] The plaintiff's counsel has understandably and repeatedly contrasted their limited resources – there are three lawyers representing the plaintiff – with those of the much, much larger firms representing the defendants. This, of course, has nothing to do with the legal abilities of counsel, only with the greater backup both in man power and administrative support that the defendants' counsel have.

it would have 400 exhibits that it would seek to introduce into evidence. Those documents had not been supplied to the defendants as part of the pretrial order. Under the sequencing called for by the court's pretrial order procedures, the defendants have not turned over their exhibits. While the documents had all been supplied at one time or another during the course of discovery, the defendants pointed out that they did not know which of the many thousands of documents produced in discovery would be utilized by the plaintiff in its case-in-chief. Of course, the same is true for the plaintiff. Until they see the exhibits, they will not know which ones will be used by the defense. Additionally, the defendants contend that they do not have the key jury instructions from the plaintiff as yet so that they can neither agree nor submit counter instructions. In short, there is certainly a basis for the contention that the case is not ready for trial.

The defendants' initial solution was to continue the case until early 2010. But for the fact that the plaintiff will be reporting next month to a federal penitentiary to begin serving a one-year sentence for a tax-related offense, a brief postponement would be perfectly appropriate. However, as the plaintiff's counsel persuasively argued, any date in 2010 would make it impossible for the plaintiff to appear in person at trial – and with significant consequences. First, even assuming that a video deposition would suffice to enable the plaintiff to testify as effectively as if he were actually present at trial, there remains very substantial issues regarding, his unavailability to assist his counsel in the balance of the case, his unavailability to be called in rebuttal, and the possible negative inferences the jury might draw from his nonappearance despite instructions that they not do so.[3]

---

[3] *Compare United States v. Emerson*, 501 F.3d 804, 813 (7th Cir. 2007)(juries are presumed to follow instructions) *with Krulewitch v. United States*, 336 U.S. 440, 453 (1949)(Jackson, J., concurring)("The naive assumption that prejudicial effects can be overcome by instructions to the jury...all practicing lawyers know to be unmitigated fiction.").

All this led to the plaintiff's vigorous objection to the motion to continue the trial date which he summed up with an aphorism attributed to Gladstone: "Justice delayed is justice denied." The problem with this aphorism, like any general proposition, is that it cannot decide the particular case no matter how passionately uttered. *Cf. Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting)("General propositions do not decide concrete cases."). General observations suffer from the common flaw that they are not applied to the specific matter and therefore they tend to be not only general, but vague and abstract, as Chief Justice Rehnquist sagely observed in *Daubert*. 509 U.S. at 598 (concurring in part and dissenting in part).

While in any particular case, justice delayed may well be justice denied, it is equally true that a "myopic insistence upon expeditiousness in the face of a justifiable reason for delay," *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964),can result in a denial of justice to the party seeking a continuance. While *Ungar* is most often cited in criminal cases in which the defendant's right to counsel is at stake, *see e.g., United States v. Jones*, 455 F.3d 800, 805 (7th Cir. 2006), the overarching principle for which it stands is capable of application in any case in which a party justifiably seeks a continuance. Matters of trial management are for the district judge, and thus the court of appeals will intervene in the court's discretionary decision to grant or deny a motion for a continuance only when it is apparent that the judge has acted unreasonably. *See Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990); *Galowski v. Berge*, 78 F.3d 1176, 1182 (7th Cir. 1996).

A review of the history of this case and its present status justifies the defendants' complaint that if the case proceeds next Monday, they will be prejudiced. But it is equally true that if the case were to proceed in early January, 2010 the plaintiff might be severely disadvantaged ev3n if he were to appear for direct and cross examination by video deposition. There are obvious dangers on either

4

hand, and, as Learned Hand said in another context, "it scarcely helps to give so wide a berth to Charybdis's maw that one is in danger of being impaled upon Scylla's rocks." *Central Hanover B. & T. Co. v. C.I.R.*, 159 F.2d 167, 169 (2nd Cir. 1947). I thus proposed extending the trial date until early 2011, immediately following Mr. Minemyer's release from federal custody. The defendants initially objected unless the plaintiff agreed that he would make no claim for damages for sales by the defendants of the allegedly infringing product during 2010. The plaintiff understandably refused.

The defendants then said that they would agree "without any strings attached" to a continuance until 2011, with the trial to commence immediately following Mr. Minemyer's release from prison. Following consultation with their client by phone, Mr. Minemyer's lawyers said that he refused the defendants' offer and insisted on the case proceeding on November 16th – and this, even though the defendants did not have in their possession all of the materials necessary for them to finalize the pretrial order.[4] And as noted, it is anything but clear whether the pretrial conference can even proceed this Thursday.

When I asked counsel for the plaintiff what possible prejudice the plaintiff would suffer if the case were continued until Mr. Minemyer was released from federal custody, plaintiff's counsel said Mr. Minemyer would have to wait an additional year before he would receive his damage award.

---

[4] As of 12:30 p.m., I do not have the plaintiff's written response to the motion to reconsider or to the emergency motion to continue the trial. Nor do I have the pretrial order. Earlier this morning, counsel for Mr. Minemyer called chambers to request a postponement of today's 1:00 p.m. ruling on the defendants' motion to extend the trial date. The reason given was that Mr. Friedman's wife, who is also counsel for the plaintiff, was being honored this afternoon. For what he did not say. It may be noted that when the 1:00 time was set in court last Friday, Mr. and Mrs. Friedman were both present and did not ask that a different date be set. No reason was given why Mr. Chalmers, who is also trial counsel for the plaintiff, could not adequately cover the case. Counsel for the defendants were not on the phone during this call, and apparently had not been consulted in advance about this request. I instructed my secretary to tell Mr. Friedman that I required all counsel to participate in phone conversations with the court. As of 12:30 p.m., I have not received a return call.

Faced with this response, I continued the case until Monday November 9, 2009 to rule on the motion to continue the trial date.

This contention that continuing the trial date until 2011 will prejudice Mr. Minemyer because it will postpone receipt of a damage award for an extra year is unpersuasive. It assumes Mr. Minemyer will win at trial, and thus the claimed prejudice is hopelessly speculative. But a party claiming prejudice must show more than speculative harm; he must show facts that are specific, concrete, and supported by evidence. *See Dababneh v. Gonzales,* 471 F.3d 806, 810 (7th Cir. 2006); *United States v. Henderson,* 337 F.3d 914, 920 (7th Cir. 2003); *United States v. Shorty,* 159 F.3d 312, 318 (7th Cir. 1998). *Hawxhurst v. Pettibone Corp.,* 40 F.3d 175, 181 -182 (7th Cir. 1994). And speculation is not evidence, *In re Cohen,* 507 F.3d 610, 614 (7th Cir.2007) and hypothesis is not proof. *Louth v. McCollum,* 424 F.3d 631, 634 ( 7th Cir.2005)(Posner, J.).[5]

The defendants' motion to extend the trial date [#265] is granted in part and denied in part. The request to extend the date is granted, but the request that the trial be continued until early 2010 is denied. The case will be continued to a date in early 2011 following Mr. Minemyer's release from federal custody. A status hearing will be held on November 16, 2009 at 10:00 a.m. to finalize the date for completion of the pretrial order and the response to the motion for reconsideration. Any outstanding dates for responses by the plaintiff are stricken.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/9/09

---

[5] If we are to speculate that Mr. Minemyer will win, it may be argued that waiting the year is actually a benefit since he will receive an additional year of damages that will more than offset the year's loss of the value of whatever award the jury gives.

6