UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN T. ("TOM") MINEMYER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 07 C 1763 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| B-ROC REPRESENTATIVES, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants seek reconsideration of the orders ruling on plaintiff's motions in *limine* Nos. 214, 218, and 227.

## I.
## BACKGROUND

The plaintiff alleges that the defendants infringe claims 1-6 and 10-15 of his Patent No. 6,851,726 ("726 Patent"). The defendants moved for summary judgment on the infringement charges, contending that those claims were all invalid for one reason or another. They argued that claims 1, 5, 6, 10, 11, 13, 14, and 15, were invalid under the on-sale bar of 35 U.S.C. §102(b). (Dkt. #180, at 12-17). Claims 1, 5, 6, 12, 13, and 15, they said, were invalid under §102(b)'s public use bar. (Dkt. #180, at 18-19). Finally, the defendant submitted that all claims – 1-6 and 10-15 – were invalid due to obviousness. (Dkt. #180, at 19-20).

The court granted the defendants' motion as to the on-sale bar. (Dkt. # 252, at 8-16). That left only claims 2, 3, 4, and 12, in issue. Defendants said that claim 12 was invalid under the public use bar based on Lucian Lyall's Group Timberline couplers. (Dkt. #180, at 18). But when the defendants filed their 35 U.S.C. §282 patent invalidity contentions, they stated that the Group

Timberline couplers manufactured by Lyall Turbosonics invalidated only claims 1, 5, 6, and 15. (Dkt. 227-2, at 5-6). Because they hadn't complied with the statute's requirements as to claim 12, that portion of their motion was denied. (Dkt. # 252, at 8-16). As for their argument regarding obviousness of all claims, it was denied because the defendants ignored clear and long-standing Seventh Circuit precedent regarding the presentation of arguments.

Their argument was a terse one, consisting of just a few sentences, and it cited no case law whatsoever. There was no reference to the elements that the defendants had to establish to prove obviousness. *See In re Mettke*, 570 F.3d 1356, 1358-59 (Fed. Cir. 2009). There was no factual development of the elements. *See Rolls-Royce, PLC v. United Technologies Corp.*, 603 F.3d 1325, 1338 (Fed.Cir. 2010)(obviousness is based on several underlying factual inquiries). It was the defendants' burden to prove obviousness, and they had to meet that burden with clear and convincing proof. *Hearing Components, Inc. v. Shure Inc.*, 600 F.3d 1357, 1373 (Fed.Cir. 2010). It was not the court's job to piece together an argument for them, and research pertinent authority. *Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008). Their motion for summary judgment as to obviousness was denied following a long line of cases holding that perfunctory, undeveloped arguments, without citation to pertinent authority, are deemed waived. (Dkt. # 252, at 20-21); *Raghunathan v. Holder*, 604 F.3d 371, 378 (7th Cir. 2010)("Perfunctory and undeveloped arguments are waived, especially when ... 'a party fails to develop the factual basis of a claim on appeal and, instead, merely draws and relies upon bare conclusions.'"); *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010)("Yet [defendant] cites no law in support of this argument, and it was therefore within the district court's discretion to reject it."); *Chapman v. General Bd. of Pension and Health Benefits of the United*

2

*Methodist Church, Inc.*, 2010 WL 2679961, 7 (N.D.Ill. 2010)(collecting cases).

So, after all that, claims 2, 3, 4, and 12 remained at issue. The parties then joined battle over what evidence could be presented at trial. Particularly contentious were three of plaintiff's motions in *limine*: Nos. 214, 218, and 227. In No. 214, plaintiff argued that because defendants had failed to make any invalidity contentions regarding claims 10-14 in their 35 U.S.C. §282 pleading, any such contentions should be barred at trial. In No. 218, the plaintiff contended, *inter alia*, that three patents – Valdes, Denain, and Hunt – upon which defendants' expert was relying to demonstrate obvious were not disclosed in defendants' §282 invalidity contentions and that any such testimony should be barred at trial. Finally, in No. 227, the plaintiff moved to strike defendants' more recent invalidity contentions – filed on October 2, 2009, nearly two years after the November 7, 2007 deadline – which added the four claims still at issue – 2, 3, 4, and 12 – to the claims defendants asserted were invalid in their previous attempt at fulfilling their §282 obligations.

The court granted Nos. 214 and 227, and denied No. 218 as moot in light of the ruling on, and discussion regarding No. 227. The upshot of the rulings was that defendants failed to make their invalidity contentions regarding claims 2, 3, 4, and 12 in compliance with 35 U.S.C. §282 and Judge Coar's deadline. The rulings foreclosed presentation at trial of evidence of prior art that hadn't been disclosed in a timely fashion, and essentially foreclosed any invalidity contentions – at issue are public use and obviousness – regarding the remaining claims that are still in play. *See Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1347 (Fed.Cir. 2003). Defendants have moved for reconsideration of those rulings.

Defendants argue that they could not have contended that claim 12 was invalid under the

3

public use bar or that claims 2, 3, 4, and 12 were invalid for obviousness any earlier than the date of Mr. Lyall's deposition – June 3, 2009 – or the date plaintiff filed his response to the defendants' motion for summary – August 21, 2009 – in which plaintiff made what defendants claim was a key admission. (*Motion to Reconsider*, at 1). They also argue that, although they did not file their complete and accurate invalidity contentions until about two years after the court-ordered deadline, they should be excused because plaintiffs found out all about their final theories for trial through discovery when defendants provided them with Dr. Slavin's expert report. (*Motion to Reconsider*, at 1-3). According to the defendants, the plaintiff learned all he had to know about their invalidity contentions from Dr. Slavin's report, "four months before trial." (*Motion to Reconsider*, at 2, 4, 8, 9). Defendants submit that Dr. Slavin's report complied with 35 U.S.C. § 282 and *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 878, 879 (Fed. Cir. 1986).

## II.
## ANALYSIS

Section 282 governs the timing of notice of invalidity contentions:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Federal Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

35 U.S.C.A. § 282. Although the statute provides that disclosures must be made thirty days before

trial, that's just a bare minimum requirement. The court can set its own deadline, and that takes precedence over the minimum requirement the statute demands. *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed.Cir. 1998). That's what Judge Coar did here. He set November 16, 2007, as the deadline, and the defendants missed it – badly, to say the least. Their "Notice Pursuant to 35 U.S.C. §282" came about two years too late. Even Dr. Slavin's report, on which they base their motion to reconsider, came twenty-one months late.

When a defendant misses a deadline for asserting invalidity contentions, the court has discretion to find that, even so, the defendant was in substantial compliance with 35 U.S.C. § 282. *Eaton Corp.*, 790 F.2d at 879. In *Eaton Corp.*, the Federal Circuit upheld the district court's decision to allow late notice of prior art – although it is unclear how late – where the product cited as prior art was known to the plaintiff and the patent for the product was provided to the plaintiff at his deposition. As such, the plaintiff was not rendered incapable of responding to the prior art. *Id.* at 879-80.

But discretion denotes the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 541 (1931); *Rogers v. Loether,* 467 F.2d 1110, 1111-12 (7th Cir.1972)(Stevens, J.). On virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *United States. v. Banks,* 546 F.3d 507, 508 (7th Cir. 2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."). In *Ferguson*, the Federal Circuit found the district court was entitled to "follow the letter of §282 precisely" and disallow evidence of prior art that the defendant failed to provide notice of in invalidity contentions, even though the plaintiff had learned of the prior art through defendants' claim of invalidity in a filing for reexamination with the

patent office, in defendants' filing of an "Advisory to the Court re: Patent Re Examination" in the infringement case, at a deposition, and through interrogatories related to the prior art. 350 F.3d at 1347. Even though the plaintiff had multiple notices of the prior art, the defendant's failure to comply with the schedule precluded it from relying on that prior art at trial.

In order to change the rulings they attack, the defendants must demonstrate that the rulings constituted an abuse of discretion. An abuse of discretion can only be found when no reasonable person could agree with the district court's decision. *Harris,* 531 F.3d at 514. That is a significant burden to meet, and the defendants' efforts here fall short. Although it is an advocate's job to provide a court with everything it needs to rule in his client's favor, *Dal Pozzo v. Basic Machinery Co., Inc.* 463 F.3d 609, 613 (7th Cir. 2006), conspicuously absent from the defendants' brief are the dates of the events they find so significant. Yet, without them, the motion can scarcely be considered in an informed way. And so, notwithstanding the Seventh Circuit's admonition that courts are not to "play archeologist with the record," *DeSilva v. DiLeonardi,* 181 F.3d 865, 867 (7th Cir. 1999), it was necessary to comb through the scores of documents filed in connection with the many motions on the docket in order to compile a timeline of the relevant events.

### Timeline

| | |
|---|---|
| November 16, 2007 | Judge Coar's deadline for invalidity disclosures under 35 U.S.C. §282 (Dkt. # 79). |
| December 14, 2007 | Defendants file (late) invalidity disclosures, which assert that products including the elements of claims 1, 5, 6, and 15 of '726 patent were offered for sale by Group Timberline, manufactured and sold by Lyall Turbosonics – the Lyall Condu-Grip coupler (Dkt. 227-3, pp. 4-5) – and designed by Lucian Lyall, who owned Group Timberline. *(Defs' Rule* |

6

| | |
|---|---|
| *56.1 Statement* (Dkt. # 181), ¶¶23-26). | June 3, 2009 |
| Lucian Lyall deposed. He discusses various aspects of his coupler, referring to a drawing he claims to have made in 1998. | July 20, 2009 |
| Dr. Slavin issues his report, in which he opines that claims 2,3, and 4 of the '726 patent are obvious: "one of ordinary skill in the art would have naturally combined the teachings of Lyall with the sealing surfaces of Valdes, Denain and/or with the sealing surface of Hunt '907." (Dkt. # 218-2, pp. 7-8). The report incorporated Exhibit C to the report, a six-page, small-type, single-spaced claim chart, by reference. Therein, "Valdes" was identified as GB 2098692 and "Denain" was identified as FR 873844 (Ex. C, p. 2). Apparently, the Report attached copies of the patents for Valdes, Denain, and Hunt, but those exhibits are not included with Slavin Report provided to the court. Dr. Slavin's references to these patents were drawn from the Patent Examiner's Office Actions dated June 19, 2001, and February 17, 2004. (Ex. C, pp. 2-3). | |
| August 21, 2009 | Plaintiff files response to motion for summary judgment, in which he states that he "can excuse the failure to supplement these invalidity contentions *concerning Plaintiff's asserted* |

7

| | |
|---|---|
| *violation of the on-sale bar* since this may have first become apparent to Defendants late in the discovery process with the serving on April 21, 2009 of [certain interrogatory answers] and with Plaintiff Minemyer's deposition of June 18 to 19, 2009." (Dkt. # 193, at 2). | October 2, 2009 |
| Defendants serve "final" 35 U.S.C. §282 invalidity contentions on plaintiff. (Dkt. # 227-3). | October 27, 2009 |
| Court issues ruling on defendants' summary judgment motion. | |

At the outset, there are a few things about the defendants' motion that stand out and cast it in a less than favorable light. First, there is the aforementioned absence of any dates of the events defendants contend are significant. Second, throughout their brief, defendants repeatedly insist that almost "four months" before trial, they provided plaintiff with Dr. Slavin's expert report, which they contend served as adequate notice of their final invalidity contentions:

> Barring evidence of newly-relevant prior art of which Plaintiff was specifically made aware *four months* before trial and promptly after Defendants themselves became aware of such evidence would be manifestly unjust and contrary to the "significant public policy interest in removing invalid patents from the public arena." (*Motion to Reconsider*, at 1 (emphasis in original)).

> Plaintiff's technical arguments regarding the November 2007 preliminary invalidity contentions and Plaintiff's hindsight claims of prejudice despite his knowledge of Defendants' intent to rely on the prior art at issue ***almost four months prior to trial in the Slavin expert report*** . . . . (*Motion to Reconsider*, at 2 (emphasis in original)).

8

Following the depositions of Minemyer and Lyall, Defendants notified Plaintiff, and Plaintiff has been aware, of Defendants' intent to offer this additional prior art at trial for almost four months through the detailed expert report of Dr. Slavin. (*Motion to Reconsider*, at 4).

Defendants responded in as diligent a manner as they reasonably could have – and did so in writing almost ***four months ago***. Indeed, less than a month after Mr. Minemyer's deposition (and an even shorter period after receiving the transcript of his deposition), Defendants filed their expert report and motion for summary judgment. Each of those documents sets forth Defendants' invalidity contentions in exhaustive detail. (*Motion to Reconsider*, at 8 (emphasis in original)).

Defendants complied with § 282's "otherwise in writing" requirement both with a formal notice and, moreover, in the context of specific invalidity contentions in the Defendants' expert report almost **four months *before* trial.** (*Motion to Reconsider*, at 9 n.6 (emphasis in original)).

Defendants' precautionary "catch-all" §282 submission . . . merely re-identified much of the prior art already specifically disclosed months ago in Dr. Slavin's report . . . ." (*Motion to Reconsider*, at 10).

As is clear from 35 U.S.C. §282 and *ATD Corp.*, thirty days before trial is just a minimum requirement; a judge may demand that such disclosures be made at a much earlier date. "[Judges] are entitled-indeed they must-enforce deadlines. Necessarily, they must have substantial discretion as they manage their dockets." *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996); *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored."). Such deadlines "aid[]" "[t]he flow of cases through a busy district court . . . ." *Spears*, 74 F.3d at 157.[1] After all, patent cases are

---

[1] *See also Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006) ( "'We live in a world of deadlines. . . . The practice of law is no exception . A good judge has a right to assume that deadlines will be honored.'"); *Gross v. Town of Cicero*, 528 F.3d 498, 499-500 (7th Cir.2008)( "Courts cannot operate without setting and enforcing deadlines,"); *Williams v. Shinseki*, 2010 WL 1274233, 4 (7th Cir. 2010); *Harris* (continued...)

9

notoriously time-consuming: motions are generally more taxing on judicial resource that most civil cases, and trials generally longer and/or more complex. Failure to meet deadlines affects not just the opponent in a case, but all other litigants awaiting judicial attention in their cases, all of whom are at least as important as the defendants here. *See Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996)(other deserving litigants waiting in the queue for judge's limited attention).

Second, once a defendant makes their invalidity contentions, there is much for a plaintiff to do. "Witnesses may have to review the document(s), and rebuttal evidence may have to be sought out and examined." *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed.Cir. 1986). When Judge Coar set the November 16, 2007 deadline, trial was set to begin on January 19, 2009. (Dkt. # 79). Judge Coar had concluded that fourteen months – not four – was needed by the plaintiff to deal with the defendants' theories. As of the November 16th deadline, there would have been nine months before the close of discovery, which was set for August 12, 2008. When the defendants provided what they consider their "constructive" final notice of their invalidity contentions through Dr. Slavin's expert report on July 20, 2009, the trial, then set for September 21, 2009 (Dkt. # 168), was barely two months away, not four as the defendants' brief states. And either period – two months or four – is a far cry from the original fourteen to which the plaintiff was entitled under the court-ordered deadline.[2] At the time of Dr. Slavin's report, discovery had already closed on July

---

[1](...continued)
*v. Owens-Corning Fiberglass Corp.*, 102 F.3d 1429, 1433 (7th Cir.1996)(Complex cases such as this one must have enforceable discovery deadlines).

[2] The date for trial was extended to November 2, 2009, on August 18, 2009 (Dkt. # 192), which was a little more than three months after Dr. Slavin's report, rendering defendants' "four month," still erroneous as of that date. It was not until October 4, 2009, that the trial date was set to November 16th (Dkt. # 224), just short of four months after Dr. Slavin's report.

11, 2009, with a deadline of July 29th for expert depositions, and September 11th for rebuttal expert depositions – not much time for plaintiff to have "[w]itnesses . . . review the document(s), and [seek out] rebuttal evidence . . . and examine[] [it]", *Eaton Corp.*, 790 F.2d at 879, and nowhere near the amount of time Judge Coar ordered.

And that raises a third point. The defendants were thumbing their noses, albeit subtly, at the court-ordered deadline from the moment they presented their invalidity contentions in December 2007. They were a month late, and the docket provides no indication that they asked for an extension. (Dkt. #80-85). The document they presented was titled "Preliminary Invalidity Contentions" even though Judge Coar's order made no allowance for any "preliminary" contentions. Thus, the defendants were, in effect, reserving the right, completely outside what the court mandated, to make additional contentions and to do so in accordance with some undisclosed and indeterminate schedule.[3] But it is no less true in patent than any other kind of case that "[i]gnoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous. 'Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.'" *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994)(parenthesis in original).

But on to defendants' contentions. They argue that they could not have cited the Valdes,

---

[3] The Northern District of Illinois adopted local rules covering patent cases on September 24, 2009. The rules automatically apply to all patent cases filed after that date, but the court "may apply all or part of the [local rules] to any such case already pending on the effective date of the [local rules]. LPR 1.1. The rules now allow for "preliminary" and "final" invalidity contentions, but final contentions must be filed within 21 weeks of the due date for preliminary contentions. LPR 3.1. So here, defendants would have missed the deadline – which would have been about the third week of April 2008 – by a mile when they served their "Notice Pursuant to 35 U.S.C. § 282" in October 2009.

Denain, and Hunt patents as prior art until after the Minemyer and Lyall depositions, and until the court ruled that claim 1 of the '726 patent was invalid under the on-sale bar. (*Motion to Reconsider*, at 4-6). Their explanation is rather opaque, but it would seem that defendants are contending that the obviousness of claims 2, 3, and 4 of the '726 patent is based on a combination of claim 1 of the '726 patent – which is prior art as it was offered for sale – with Valdes, Denain, and Hunt. Until the court ruled the claim 1 was invalid under the on-sale bar, they claim they could not have contended that claims 2, 3, and 4 were obvious in light of claim 1 and Valdes, Denain, and Hunt. Basically, the defendants say they had to await the court's decision on the on-sale bar before they could even consider making an argument that claims 2, 3, and 4 were obvious.

The defendants' brief does not cite any cases. But the argument makes some superficial sense, as far as it goes. The main problem with it comes when one recalls that the defendants now rely upon Dr. Slavin's report as voicing their 35 U.S.C. §282 invalidity contentions. It is Dr. Slavin's report that the defendants' claim gave plaintiff adequate notice of their theories of invalidity "four months" before the trial. But Dr. Slavin doesn't combine Valdes, Denain, and Hunt with claim 1 of the device the plaintiff offered for sale, he combines it with the Lyall coupler. (Dkt. # 218-2, Ex. C, at 1-3). For him, the plaintiff's product was not an "existing prior art reference." *Cohesive Technologies, Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008). First, he explains how the Lyall coupler anticipated all the elements of claim 1 of the '726 patent. (Dkt. # 218-2, at 4-5, Ex. C, at 1). That was nothing new – the defendants stated as much in their "preliminary" invalidity contentions in December 2007. (Dkt. #227-2, at 4). Then, Dr. Slavin combines the Lyall coupler with Valdes and Denain to demonstrate the obviousness of claim 2 (Dkt. # 218-2, Ex. C, at 2), and with Hunt and Valdes to demonstrate the obviousness of claims 3 and 4 (Dkt. # 218-2, Ex. C, at 3).

Finally, he states that the Lyall coupler includes every element of claim 12 of the '726 patent. (Dkt. # 218-2, at 4-5, Ex. C, at 4-6). Again, plaintiff's coupler forms no part of his obviousness opinions. So there was no need to await the court's ruling on the on-sale bar.

But the defendants contend they could not have known about any of this any time sooner than the date Dr. Slavin issued his report, so that was the earliest they could have informed plaintiff of their invalidity contentions. Yet, they clearly knew about the Lyall coupler at least as far back as December 2007, when they cited it in their "preliminary" invalidity contentions. (Dkt. #227-2, at 4). The Valdes, Denain, and Hunt patents were, as patents, a matter of public record. More importantly, Dr. Slavin drew his combinations regarding the obviousness of claim 2 – combining Lyall with Valdes and Denain – and claim 3 – combining Valdes and Hunt – from the Patent Examiner's Office Action of June 19, 2001. (Dkt. # 218-2, Ex. C, at 2-3). He draws his combinations regarding the obviousness of claim 4 – combining Valdes and Hunt – from the Patent Examiner's Office Action of February 14, 2004. (Dkt. # 218-2, Ex. C, at 3). As part of the prosecution history of the '726 patent, these materials were part of the public record, and would have been available to the defendants throughout this litigation, and certainly prior to the November 16th invalidity contentions deadline. 35 U.S.C §122(b); 37 C.F.R. §1.211; *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1371 (Fed.Cir. 2010); *Takeda Chemical Industries, Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1363 (Fed.Cir. 2007). Defendants' motion simply fails to elucidate exactly why they could not have cited these prior art references – Lyall, Valdes, Denain, and Hunt – until Dr. Slavin issued his report. And that silence is telling. *Compare Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008) (Posner, J)("[I]f there is an executed standstill agreement, one would expect an allegation to that effect. There is none. The complaint's silence is deafening.").

Given the fact that Dr. Slavin's report – the report that defendants claim gave plaintiff ample notice of their validity contentions – makes no reference and does not depend upon the product plaintiff offered for sale, defendants' reliance on *Asyst Technologies, Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1317 (Fed.Cir. 2008) and *Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342 (Fed. Cir. 1998) is misplaced. The defendants submit that they should be excused for failing to comply with 35 U.S.C. §282 because the court's ruling on their summary judgment motion on October 27, 2009 "changed the rules of the game." But the only ruling the court made was that claims 1, 5, 6, 10, 11, 13, 14, and 15 of the '726 patent were invalid pursuant to the on-sale bar. That has nothing to do with the notice defendants are claiming meets the requirements of 35 U.S.C. §282. That's Dr. Slavin's report which, as just discussed, does not rely on the product plaintiff offered for sale. And the defendants' motion for reconsideration is based on that report. (*Motion for Reconsideration*, at 1, 2, 8, 9, 10).

Even putting all that aside, *Asyst* and *CellPro* don't help the defendants. In *Asyst*, the Federal Circuit ruled as to the scope of the claims at issue in a second appeal in that case, a ruling which opened up the field of potential prior art where it had previously been closed. 544 F.3d at 1317. In *CellPro*, the court changed its construction of certain claims at issue after the trial. This, too, opened up a new realm of potential prior art that the defendant could not have cited before. 152 F.3d at 1356-57. Here, however, there had been no prior ruling that the product the plaintiff had previously offered for sale was not prior art. There had been no ruling on the scope of the claims in issue at all as the parties agreed on their construction. The defendant in *Asyst* might have been unprepared to cite certain patents as prior art references before the Federal Circuit's ruling, but the defendants here were never foreclosed from asserting that the product plaintiff previously offered

14

for sale invalidated certain claims of the '726 patent. Indeed, they did so in their motion for summary judgment. As plaintiff points out in his response brief (*Plaintiff's Response*, at 15-16), it's a torturous argument for defendants to say that, on the one hand, that the plaintiff's product was on sale and invalidated claims 1, 5, 6, 10, 11, 13, 14, and 15 of the '726 patent, and on the other hand, that they couldn't have raised it as prior art until the court ruled in their favor. Unlike the defendants in *Asyst* and *CellPro*, the court's ruling did not take defendants by surprise and open up a whole new field of prior art to them; they had already been ploughing that same field. And, in any event, the document they are touting as substantial compliance with 35 U.S.C. § 282 – Dr. Slavin's report – has nothing to do with the product that plaintiff offered for sale.[4]

The overarching, recurring argument in the defendants' motion to reconsider is that to deny their motion to reconsider would contravene the public policy that invalid patents should be expunged. But just as "general propositions do not decide concrete cases," *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting), neither does a particular public policy that a statute or interrelated group of statutes seeks to achieve. The defendants' argument puts out of view the indisputable fact that §282(4) is a component part of Title 35, United States Code – which is a

---

[4] Defendants recently threw two other district court cases that they claim supports their arguments here into the mix, *Advanced Fiber Technologies Trust v. J & L Fiber Services, Inc.*, 2010 WL 1930569, 11-12 (N.D.N.Y. 2010) and *Netscape Communications Corp. v. Valueclick, Inc.*, No. 09-225-TSE-TRJ (E.D.Va.)(*Defendants' Supplemental Statement*). But in *Advanced Fiber*, the court set no deadline for invalidity contentions, meaning that they had to be served thirty days before trial. The defendant gave plaintiff notice of its invalidity contentions in writing – in a response to a summary judgment motion – well before the minimum thirty-day requirement of 35 U.S.C. §282, as no trial date had even been set at the time. And in *Netscape*, the defendant moved for leave to supplement its expert report to add certain invalidity contentions – something the defendants here have never done. There is no indication that the *Netscape* court had set a deadline, so as in *Advanced Fiber*, the thirty-day provision applied. The motion to supplement came thirty days before trial. (*Defendants' Supplemental Statement*, at 10). The court granted the motion, but its ruling provides no analysis, and so it is of little value here. (*Defendants' Supplemental Statement*, Ex. H). *Cf. Szmaj v. AT&T*, 291 F.3d 955, 956 (7th Cir. 2002)(Posner, J.)(an opinion with only a conclusion without analysis or discussion is "weak authority.").

comprehensive statutory scheme, whose goal is the regulation of patents and the protection of patent rights. It is simply illogical to argue that Congress chose to craft an exclusionary rule in § 282(4) that is contrary and hostile to the policy that invalid patents should be expunged. As Judge Easterbrook said in another context, "[w]hat sense could that make of the statutory text?" *United States. v. Rodriguez-Rodriguez*, 453 F.3d 458, 461 (7th Cir. 2006). *See also FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002)(Posner, J.)("Nonsensical interpretations of contracts as of statutes, are disfavored.").

If the defendants' argument were accepted, the mandate of §282(4) could never be enforced by excluding evidence of invalidity that was not properly disclosed. In fact, no rule of exclusion for noncompliance with discovery could ever be enforced against a party who had not complied with §282(4) because it would frustrate the policy that invalid patents be expunged. And opinions like *Ferguson* would be unthinkable, and invalidity contentions could be raised at any time without regard to whether a defendant could have acted sooner or a plaintiff had adequate notice to respond.

Contrary to defendants' contentions, this is not a case like *BioGenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*, 2006 WL 2228940 (N.D.Cal. 2006), where the defendant acted unreasonably but offered a viable explanation for its conduct. Here, the defendants' explanations either unconvincing or are based on an inaccurate rendition of the facts and their chronology.

## CONCLUSION

For the foregoing reasons, the defendants' motion to reconsider [Dkt. # 261] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 9/21/10