**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN T. ("TOM") MINEMYER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 07 C 1763 |
| v. ) | |
| ) | Magistrate Judge Cole |
| B-ROC REPRESENTATIVES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants have filed four motions *in limine*. Generally speaking, the purpose of a motion *in limine* is to allow "the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). Even a cursory review of defendants' motions shows that they do not serve this purpose. Instead of asking for evidentiary rulings, they ask for substantive rulings on issues in this case which, of course, is on the eve of trial.

#336 — Defendants ask to bar all evidence of willful infringement given the invalidity of eight of twelve claims of plaintiff's '726 patent, relying on the Federal Circuit's ruling in *In re Seagate*, 497 F.3d 1360 (Fed.Cir. 1360). In *Seagate,* the court held that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.... If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious

that it should have been known to the accused infringer." 497 F.3d at 1371. Defendants submit that the plaintiff cannot meet the threshold requirement of proving by clear and convincing evidence that the defendants acted in the face of an objectively high likelihood that they were infringing a valid patent and so, they should be barred from submitting any evidence of willful infringement to the jury.

*Seagate* did not set out an "eight-out-of-twelve" or other proportional standard for presenting evidence to a jury. Indeed, it was not about barring evidence at all. It dealt only with the standard of proof as a guide for relevance in a discovery dispute in the trial court. Defendants do cite several other cases but, like *Seagate*, none of them have anything to do with barring a plaintiff from presenting evidence at trial. In fact, the rulings in those cases on the issue of willful infringement came *after the plaintiff presented its evidence at trial* or in response to a properly supported motion for summary judgment. *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed.Appx. 284, 291, 2008 WL 60501, 6 (Fed.Cir. 2008) (jury trial); *Netscape Communications Corp. v. ValueClick, Inc.*, 684 F.Supp.2d 699, 728 (E.D.Va. 2010)(motion for summary judgment); *LG Display Co., Ltd. v. AU Optronics Corp.*, 722 F.Supp.2d 466, 471 (D.Del. 2010)(bench trial); *Kellogg v. Nike, Inc.*, 592 F.Supp.2d 1166, 1170 (D.Neb. 2008)(motion for summary judgment); *Henrob Limited v. Bollhoff Systemtechnick GmbH & Co.*, 2009 WL 3199812, *7 -8 (E.D. Mich. 2009)(motion for summary judgment); *TGIP, Inc. v. AT&T Corp.*, 527 F.Supp.2d 561, 579 (E.D.Tex. 2007)(jury trial).

Moreover, the motion misreads the holding in *Netscape.* According to the defendants, "in *Netscape* the court ruled there was no willful infringement based on the defendant's 'credible invalidity arguments' that a single asserted claim was invalid, even while finding that 'not all of defendants' arguments are meritorious' and allowing infringement claims to proceed with respect to 22 other claims." (*Dkt. #336,* at 5). That would lead one to believe that *Netscape* stands for the

proposition that if any of a patent's claims are proven invalid, any claim of willful infringement is foreclosed. First, if that were the case, the defendants would most likely have found a case that actually supports their motion *in limine*. But more importantly, the invalidity of a claim was *only one* factor adverted to in *Netscape.* And, the opinion does not purport to rest on that fact. Quite the contrary. The court said:

> while not all of defendants' arguments are meritorious, defendants do present legitimate defenses and credible invalidity arguments. Indeed, as discussed *supra,* defendants' contention that claim 1 of the '670 patent is invalid under the § 102(b) on-sale bar prevails. *More fundamentally*, plaintiff points to no record evidence, aside from its own conclusory assertions, that defendants "acted despite an objectively high likelihood that [their] actions constituted infringement of a valid patent."

684 F.Supp.2d 699, 728-29(emphasis supplied).

Defendants also point to *Black & Decker* as specifically providing support for their motion to bar evidence of willful infringement at trial. As already note, the case had nothing to do with any such evidentiary dispute. Moreover, the court there found the issue of willfulness to be moot in light of its vacation of the trial court's claim construction and infringement verdict – a point the defendants' motion did not mention. The court did offer guidance to the trial court on remand, but stated that the combination of the district court's finding that the defendant had legitimate defenses to plaintiff's infringement claims, and the jury finding two claims invalid as obvious, "demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent." 260 Fed.Appx. 284, 291, 2008 WL 60501, *7. Here, of course, no court or jury has had an opportunity to assess defendants' defenses to plaintiff's infringement claims.

In the end, this motion is not a proper motion *in limine* at all, but a summary judgment motion. It is the defendants' fourth summary judgment motion, counting a motion for

3

reconsideration that was essentially a summary judgment motion itself. As such, it violates Local Rule 56.1 governing the filing of such motions, and it violates this court's order of May 5, 2009, that all dispositive motions be filed by July 10, 2009. [Dkt. # 167]. Whatever defendants may wish to call it, however, they have failed to support their argument with applicable case law, and it is DENIED.

#337 — Defendants ask for an order barring evidence of copying for any purpose.[1] The only purpose plaintiff intends to use such evidence for is proving willful infringement. While it is true that "evidence of copying is 'of no import on the question of whether the claims of an issued patent are infringed,'" it is relevant "to *Seagate*'s second prong, as it may show what the accused infringer knew or should have known about the likelihood of its infringement." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed.Cir. 2009)(quoting *Allen Eng'g Corp. v. Bartell Indus., Inc.,* 299 F.3d 1336, 1351 (Fed.Cir.2002)). Obviously, then, the defendants' motion must be denied because they have not demonstrated that such evidence is inadmissible for any purpose. *See Jonasson*, 115 F.3d at 440.

Defendants add that plaintiff can't introduce the commercial embodiment of its patent into evidence to demonstrate copying. They rely exclusively on single case where the District Court for the Eastern District of Missouri refused to allow the commercial embodiment of a patent into evidence even though there was an issue of willful infringement, *Orthoarm, Inc. v. Forestadent USA, Inc.*, 682 F.Supp.2d 978 (E.D.Mo. 2008). Oddly, the court there acknowledged that it was going

---

[1] Much of this motion is covered by the discussion on Docket # 336, as defendants continue to argue that all evidence of willful infringement must be barred under *Seagate*. Defendants also ask that plaintiff be precluded from comparing defendants' couplers to the commercial embodiment of plaintiff's couplers, but plaintiff makes clear that it will only ask that the jury compare the defendants' couplers to the claims of its patent to prove infringement.

against two Federal Circuit cases that held it was not an abuse of discretion to allow a commercial embodiment to be used as a demonstrative device during opening statements or admitted into evidence as relevant to a charge of willful infringement and copying. *See Viam Mfg., Inc. v. Iowa Export-Import Trading Co.,* 243 F.3d 558 (Fed.Cir.2000) (unpublished); *Riggs Mktg., Inc. v. Mitchell,* 194 F.3d 1338 (Fed.Cir.1999) (unpublished). The Missouri court felt the admission of the commercial embodiment in the case before it would confuse the jury. 682 F.Supp.2d at 981.

I am more confident, however, in the parties' ability to craft proper jury instructions and the jury's ability to follow them.[2] "Juries are not leaves swayed by every breath." *United States v. Garsson,* 291 F. 646, 649 (S.D.N.Y. 1923)(L. Hand, J.). Everyday, in courts around the country, juries are exposed to relevant, admissible evidence with varying degrees of prejudicial implications. Indeed, all evidence is prejudicial. That's the idea. *Old Chief v. U.S.*, 519 U.S. 172, 193 (1997); *United States v. Duran*, 407 F.3d 828, 835 (7th Cir. 2005); Ronald Allen & Richard B. Kuhns, An Analytical Approach To Evidence 104-06 (1989). It is only evidence that is *unfairly* prejudicial that must be kept out. The evidence that is involved here is not unfairly prejudicial and its probative value is not substantially outweighed by the danger of unfair prejudice.

The law, quite properly, presumes that juries have the capacity not to be over-awed by the evidence and to follow appropriate instructions from the court. *Richardson v. Marsh*, 481 U.S. 200,

---

[2] Discretion denotes the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 541 (1931); *Rogers v. Loether,* 467 F.2d 1110, 1111-12 (7th Cir. 972) (Stevens, J.). Thus, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *United States. v. Banks,* 546 F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006) (Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."). An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *United States v. Harris,* 531 F.3d 507, 514 (7th Cir.2008); *Roadway Exp., Inc. v. U.S. Dept. of Labor,* 495 F.3d 477, 484-485 (7th Cir.2007); *United States v. Jefferson,* 252 F.3d 937, 940 (7th Cir.2001).

206 (1987); *United States v. Linwood*, 142 F.3d 418, 426 (7th Cir. 1998). Indeed, that capacity is the very premise on which the jury system rests. Similarly, the Federal Rules of Evidence presuppose a level of discernment that the defendants' argument assumes they do not possess.

A few examples will suffice. Rule 105 provides for limited admissibility and assumes the ability of the jury to follow instructions limiting the purpose for which the evidence can be used. Rule 404 prohibits other act evidence to prove propensity but not when offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 407 prohibits the use of subsequent remedial measures to prove negligence or liability but not when offered for some other relevant purpose. The same is true with Rule 408, which, in essence, prohibits evidence of settlement offers when offered to prove liability or invalidity of a claim but not when offered for some other relevant purpose such as to prove bias or prejudice, negating a contention of undue delay, etc. Rules 410 and 411 are further instances where it is assumed that jurors can make fine distinctions between evidence which is inadmissible for certain purposes but admissible if relevant purposes can be demonstrated. The evidence to which the defendants object does not remotely approach the capacity to confuse or to distract that the Federal Rules of Evidence permits so long as independent relevance can be shown.

In short, at least for now, there is simply no basis on which to conclude that the evidence to which the defendants object is *a priori* inadmissible. Whatever argument that might exist can be made at trial where the record will be far clearer and the criteria under Rule 403 can be more intelligently assessed.

The defendants' motion is DENIED.

#338 – Defendants ask that plaintiff be barred from introducing evidence of alleged infringement by

defendant R-Boc's 2008 coupler. The motion essentially asks that plaintiff be held to his October 2007 infringement contentions, which targeted a coupler depicted in a photograph, which was attached as Exhibit A. A cross section of this same type of coupler was depicted in another photograph – attached as Exhibit C – which showed the interior with a "sealing surface." Plaintiff also included a chart of claims infringed – Exhibit D – which was specifically tied to Exhibit A.

In December 2008, the defendants redesigned the coupler. They changed the outer surface from grooved to waffled. The new design also dispensed with the "sealing surface" that had been present in the accused coupler. Now, the plaintiff wishes to add this 2008 coupler as an accused device. This contention came to light in his recently submitted exhibits for trial. He argues that it infringes claim 12 of his '726 patent and, as a result, should be covered by the list of infringed claims set forth in his infringement contentions. In other words, once he put these contentions in writing, any subsequent product that infringed the claims would automatically become a part of this litigation. The 2008 coupler, plaintiff submits, is nothing more than a "colorable variation" of the accused coupler. Perhaps it is. But that does not answer the question posed by the Motion in Limine. And *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed.Appx. 284, 2008 WL 60501 (Fed.Cir. 2008) – the only case cited in plaintiff's response brief – certainly does not support the plaintiff's insistence that he should be able to add the 2008 coupler on the eve of trial. Quite the contrary.

In *Black & Decker*, after a jury concluded that the defendant had infringed certain claims of the plaintiff's patent, the district court issued a permanent injunction directed at the defendant's radios considered at trial, but specifically exempted a newer model radio that the court had excluded from trial as a discovery sanction for failing to update its interrogatory answers to include the newer model. 260 Fed.Appx. 284, 286, 2008 WL 60501, 2, 7. The exclusion prevented B & D from

7

"automatically applying the infringement verdict to that product." *Id*. at 7.

On appeal, the Federal Circuit noted its ruling on claim construction rendered the question of the scope of the injunction moot, but went on to say that in its view, Black & Decker had raised serious questions about the district court's exclusion of certain products from the scope of the injunction:

> The exclusion of evidence from trial may have appropriately penalized B&D for failing to update its interrogatory answers when it learned of the Advanced product; the exclusion prevented B&D from automatically applying an infringement verdict to that product. The injunction, however, took the much more significant step of requiring B&D to assert claims against the Advanced product in a new suit without regard to its similarity to the products explicitly included in the injunction. The district court provided no rationale to explain why B&D should not have the opportunity to demonstrate that the Advanced product constitutes nothing more than a colorable variation from the enjoined products.

260 Fed.Appx. 284, 291-92, 2008 WL 60501, *7.

The Federal Circuit's sustaining of the exclusion from trial of the newer product as an appropriate discovery sanction applies in the instant case as well: the plaintiff never sought to add the 2008 coupler to its infringement contentions, and failed to bring it into play for about two years. And so the Motion in Limine is granted. But *Black & Decker* teaches that the plaintiff need not file a new suit directed to the allegedly infringing "colorable variation." If he wins at trial, he should have the opportunity to demonstrate the product was also infringing and accordingly, should be part of any injunction that would issue. *See also International Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1318 (Fed.Cir. 2004)(the district court "properly denied" defendant's request to limit the injunction to the accused products).

In the instant case, the plaintiff did not amend his infringement contentions and he ought not to be allowed to do so at this late date. The supposedly redesigned product was introduced into the

8

market two years ago. Shakespeare's timeless admonition applies here: "Defer no time, delays have dangerous ends." Henry VI, Part 1, Act III, sc. ii 1.33 (1592). The Seventh Circuit is partial to Twelfth Night. *Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 775 (7th Cir.1995)("'In delays there lies no plenty.'"). No matter. The point is the same. The defendants' motion is GRANTED.

## CONCLUSION

For the foregoing reasons, the defendants' Motions in Limine are granted in part and denied in part.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 3/23/11