07 C 1763          MINEMYER  v.  R-BOC REPRESENTATIVES          07 C 1763

MAGISTRATE JUDGE COLE

**FILED**

FEB 1 6 2012
FEB 16 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JURY INSTRUCTIONS - GIVEN

**GENERAL INSTRUCTIONS [TO BE READ AT CLOSE OF EVIDENCE]**

## JURY INSTRUCTION NO. 20
### *Functions of the Court and the Jury*

Members of the jury, you have seen and heard all the evidence and arguments of attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

2

**JURY INSTRUCTION NO. 21**
*No Inference from Judge's Questions*

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## JURY INSTRUCTION NO. 22
### *All Litigants Equal Before the Law*

In this case some of the defendants are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

4

## JURY INSTRUCTION NO. 23
### *Evidence*

The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## JURY INSTRUCTION NO. 24
### *What is Not Evidence*

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony of exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

6

## JURY INSTRUCTION NO. 25
### *Note-Taking*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## JURY INSTRUCTION NO. 26
### *Consideration of All Evidence Regardless of Who Produced*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## JURY INSTRUCTION NO. 27
### *Limited Purpose of Evidence*

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff has offered evidence of certain defendants' alleged copying of Plaintiff's physical plastic coupler. Copying a commercial product, standing alone, is not improper. Evidence of alleged copying has no relevance to, and you may not consider it as evidence of, Defendants' alleged infringement of the '726 patent. Instead, evidence of alleged copying may only be considered with respect to Plaintiff's claim of willful infringement, as I shall define that term for you later in these instructions. Whether copying is improper will depend on the circumstances.

## JURY INSTRUCTION NO. 28
### *Evidence Limited to Certain Parties*

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each Defendant's alleged acts in the case only against such individual Defendant. You must not consider it against any other Defendant.

## JURY INSTRUCTION NO. 29
### *Weighing the Evidence*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## JURY INSTRUCTION NO. 30
### *Definition of "Direct" and "Circumstantial" Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence. "Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all of the evidence in the case, including the circumstantial evidence.

## JURY INSTRUCTION NO. 31
### *Testimony of the Witnesses (Deciding What to Believe)*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case

13

## JURY INSTRUCTION NO. 32
### *Prior Inconsistent Statements or Acts*

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

## JURY INSTRUCTION NO. 33
[Number Omitted]

## JURY INSTRUCTION NO. 34
### *Number of Witnesses*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## JURY INSTRUCTION NO. 35
### *Absence of Evidence*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## JURY INSTRUCTION NO. 36
### *Expert Witnesses*

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**JURY INSTRUCTION NO. 37**
*Demonstrative Exhibits*

Certain models, diagrams, and sketches have been shown to you. Those models, diagrams, and sketches are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

19

## JURY INSTRUCTION NO. 38
### *Multiple Defendants*

You must give separate consideration to each claim and each Defendant in this case. Although there are 10 defendants, it does not follow that if one is liable, any of the others is also liable, except that, as will be explained to you, corporate defendants are liable for the acts of their officers and employees.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

## JURY INSTRUCTION NO. 39
### *Evidence Admitted Only Against One Party*

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the others. Each party is entitled to have the case decided solely on the evidence which applies to that party.

## JURY INSTRUCTION NO. 40
### *Corporation Acts Through its Employees*

Defendants R-BOC, Dura-Line, Precision Custom Molders and LeBac are corporations and can act only through their officers and employees. Any act or omission of an officer or employee within the scope of his or her employment is the action or omission of the defendant corporation.

## JURY INSTRUCTION NO. 41
### *Burden of Proof: Preponderance of the Evidence*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find" or "if you decide" by a preponderance of the evidence, this is what I mean: When you have considered all the evidence in the case, you have been persuaded that it is more probably true than not true.

23

## JURY INSTRUCTION NO. 42
### *Burden of Proof: Clear and Convincing Evidence*

When I say a particular party must prove something by "clear and convincing evidence,"

or when I use the expression "if you find" or "if you decide" by clear and convincing evidence,

this is what I mean: When you have considered all of the evidence, you are convinced that it is

highly probable that it is true.

This is a higher burden of proof that "more probably true than not true." Clear and

convincing evidence must persuade you that it is "highly probably true."

## JURY INSTRUCTION NO. 43
### *No Need to Consider Indirect Infringement, Willfulness, or Damages Instruction*

If you find that the accused "B&C" coupler does not infringe any claim of Plaintiff's patent, then you should not consider the questions of indirect infringement (i.e., induced infringement and contributory infringement), willfulness or damages as to any defendant.

### JURY INSTRUCTION NO. 44
#### *Selection of Presiding Juror General Verdict*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## JURY INSTRUCTION NO. 45
### *Communication With Court*

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## JURY INSTRUCTION NO. 46
### *Disagreement Among Jurors*

The verdicts must represent the considered judgment of each juror. Your verdicts whether for or against a party must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**FINAL INFRINGEMENT INSTRUCTIONS**

## JURY INSTRUCTION NO. 47
### *The Patent System*

At the beginning of the trial, I gave you some general information about patents and the

patent system and a brief overview of the patent laws relevant to this case. I will now give you

more detailed instructions about those aspects of patent law that specifically relate to this case.

## JURY INSTRUCTION NO. 48
### *The Parts of a Patent*

A patent includes two basic parts: a written description of the invention, and the patent claims. The written description, which may include drawings, is often called the "specification" of the patent.

You have been provided with a copy of the '726 patent. Please look at the patent as I identify its different sections.

The first page of the '726 patent provides identifying information, including the date the patent issued and patent number along the top; the name(s) of the inventor(s), the filing date; and a list of documents considered in the Patent Office during the time the patent was being sought. The specification of the patent begins with a brief statement about the subject matter of the invention, which is called an abstract. This is found on the first page.

Next, are the drawings, which appear as Figures 1 to 8 on the next eight pages. The drawings depict various aspects or features of the invention. They are described in words later in the patent specification.

The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the '726 patent begins at column 1, line 1, and continues to column 15, line 27. It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The written description is followed by one or more numbered paragraphs, which are called the claims.

31

## JURY INSTRUCTION NO. 49
### *The Patent Claims*

The claims of a patent are the numbered sentences at the end of the patent. The claims describe what the patent owner may prevent others from doing.

Claims are usually divided into parts called "limitations" or "requirements. "For example, a claim that covers the invention of a table may describe the tabletop, four legs and glue that holds the legs and the tabletop together. The tabletop, legs and glue are each a separate limitation or requirement of the claim.

We are concerned with claims 2, 3, 4, and 12 of the "726" patent. Plaintiff contends that Defendants infringed 2, 3, 4, and 12 claims. Defendants deny this.

To decide whether Defendants infringed the patent, you must compare the claims to the accused product. In reaching your determinations with respect to infringement, you must consider each claim of the patent separately.

32

## JURY INSTRUCTION NO. 50
### *Infringement: Interpretation of the Patent Claims*

The owner of a patent has the right to prevent others from making, using, offering for sale, and selling the invention covered by the patent. A product infringes a patent if that product is covered by at least one claim of the patent.

I will tell you in a moment the meaning of any disputed terminology in the patent claims. You must use the meanings I give you when you decide whether the patent is infringed. For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning.

33

## JURY INSTRUCTION NO. 51
### *Independent and Dependent Claims*

Patent claims may exist in two forms, called independent claims and dependent claims. An independent claim stands on its own and does not refer to any other claim of the patent. A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the requirements of the other claim to which it refers, as well as the requirements in the dependent claim itself.

Earlier I described a hypothetical patent claim for a table that described the tabletop, four legs, and glue to hold the legs and tabletop together. That is an example of an independent claim. In that same hypothetical patent, a dependent claim might be one that stated, "the same table in the initial claim, where the tabletop is square."

In this case, claims 2, 3, and 4 are dependent on claim 1, which means they include each and every element of claim 1. Claim 12 is an independent claim.

## JURY INSTRUCTION NO. 52
### *Comprising*

When a patent claim uses the term "comprising," it means that the invention includes the listed requirements, but is not limited to those requirements.

## JURY INSTRUCTION NO. 53
### *Interpretation of the Patent Claims*

I have provided you with a copy of Plaintiff's patent. You will recall, a moment ago, I told you I was going to give you the meaning of certain words and phrases in some of the claims. You must use these definitions in making your decision. For a claim term or phrase for which I have not provided you with a definition, you should apply the ordinary meaning. The phrases I have defined are as follows: **See attached Claim Construction Chart. I also have attached a copy of the '726 patent.**

36

## JURY INSTRUCTION NO. 54
### *Direct Infringement –Elements*

Plaintiff contends that Defendants R-BOC, Robert Lundeen, Precision Custom Molders, and Dura-Line have directly infringed claims 2, 3, 4, and 12 of his patent. To succeed on this contention as to any of the Defendants accused of direct infringement, Plaintiff must prove the following by a preponderance of the evidence:

1.    Every requirement in claim 2, 3, 4 or 12 of Plaintiff's patent is found in the accused product; and

2.    The Defendant made, used, sold or offered for sale that product in the United States.

## JURY INSTRUCTION NO. 55
### *Infringement – Definition*

As I stated in the previous instruction, infringement occurs if each requirement of a claim is found in the accused product. As I have explained, Plaintiff contends that Defendants infringed claims 2, 3, 4, and 12 of his patent. To determine whether Defendants infringed Plaintiff's patent, you must compare the accused product against each one of these claims.

To determine whether a dependent claim has been infringed, you must compare the accused product to both the dependent claims and the claims they refer to. For example, if claim 2 is dependent from claim 1, it may say, "2. The product according to claim 1, wherein. . . ."In this situation, dependent claim 2 cannot be infringed unless claim 1 is also infringed. For this reason, in the example you would have to compare the accused product to all the requirements of both claims 1 and 2.

A requirement of a claim is found in the accused product if the requirement is in the product exactly as it is in the claim.

If all of the requirements of the claim are in the accused product exactly as they are in the claim, that is called "literal infringement."

## JURY INSTRUCTION NO. 56
### *Determining Infringement*

You must decide whether there is infringement separately for each claim. There is one exception to this rule. If you decide that an independent claim is *not* infringed, then there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim. In this case, claims 2, 3, and 4 are dependent on claim 1, which means they include each and every element of claim 1. Claim 12 is an independent claim.

## JURY INSTRUCTION NO. 57
### *Indirect Infringement*

Plaintiff contends that Defendants Robert Lundeen, Carolyn Lundeen, Edward Krajecki, Sandra Krajecki, and Timothy Grimsley induced others to infringe claims 2, 3, 4, and 12 of Plaintiff's patent. Specifically, Plaintiff contends that Robert Lundeen and Carolyn Lundeen induced R-BOC to infringe. To succeed on this contention, Plaintiff must prove the following by a preponderance of the evidence:

1.　　Defendants Robert Lundeen and Carolyn Lundeen knew of Plaintiff's patent.

2.　　Defendants Robert Lundeen and Carolyn Lundeen actively encouraged and/or instructed R-BOC to make, use, offer for sale, and/or sell a product in a manner that directly infringed Plaintiff's patent as defined in other instructions that I have given you.

3.　　Defendants Robert Lundeen and Carolyn Lundeen knew that such manufacture, use, offer for sale, and/or sale of this product by R-BOC constituted infringement of Plaintiff's patent.

Plaintiff also contends that Defendant Robert Lundeen induced Dura-Line and Precision Custom Molders to infringe claims 2, 3, 4, and 12 of Plaintiff's patent. To succeed on this contention Plaintiff must prove the following by a preponderance of the evidence:

1.　　Defendant Robert Lundeen knew of Plaintiff's patent.

2.　　Defendant Robert Lundeen actively encouraged and/or instructed Dura-Line and Precision Custom Molders to make, use, offer for sale and/or sell a product in a manner that directly infringed Plaintiff's patent as defined in other instructions that I have given you.

3.　　Defendant Robert Lundeen knew that such manufacture, use, offer for sale, and/or sale of this product by Dura-Line and Precision Custom Molders constituted infringement of Plaintiff's patent.

Plaintiff also contends that Defendant Grimsley induced Dura-Line to infringe claims 2, 3, 4, and 12 of Plaintiff's patent. To succeed on this contention Plaintiff must prove the following by a preponderance of the evidence:

1.      Defendant Grimsley knew of Plaintiff's patent.

2.      Defendant Grimsley actively encouraged and/or instructed Dura-Line to make, use, offer for sale and/or sell a product in a manner that directly infringed Plaintiff's patent, as defined in other instructions that I have given you.

3.      Defendant Grimsley knew that such manufacture, use, offer for sale, and/or sale of this product by Dura-Line constituted infringement of Plaintiff's patent.

Plaintiff also contends that Defendants Edward Krajecki and Sandra Krajecki induced Precision Custom Molders to infringe claims 2, 3, 4, and 12 of Plaintiff's patent. To succeed on this contention Plaintiff must prove the following by a preponderance of the evidence:

1.      Defendants Edward Krajecki and Sandra Krajecki knew of Plaintiff's patent.

2.      Defendants Edward Krajecki and Sandra Krajecki actively encouraged and/or instructed Precision Custom Molders to make, use, offer for sale and/or sell a product in a manner that directly infringed Plaintiff's patent, as defined in other instructions that I have given you.

3.      Defendants Edward Krajecki and Sandra Krajecki knew that such manufacture, use, offer for sale, and/or sale of this product by Precision Custom Molders constituted infringement of Plaintiff's patent.

For the purposes of proving a Defendant's "knowledge" of Plaintiff's patent and "knowledge" that an alleged induced act constitutes infringement of Plaintiff's patent, Plaintiff must prove a Defendant either (1) had actual knowledge of these facts, or (2) subjectively believed there was a high probability that the facts exist and that the Defendant took deliberate actions to avoid learning such facts.

## JURY INSTRUCTION NO. 58
### *Indirect Infringement – Contributory Infringement*

Plaintiff contends that Defendants LeBac and Backman contributed to the infringement of claims 2, 3, 4 and 12 of Plaintiff's patent. To succeed on this contention, Plaintiff must prove the following by a preponderance of the evidence:

      1.      Defendants LeBac and Backman knew of Plaintiff's patent.

      2.      Defendants LeBac and Backman sold or supplied a component that forms a significant part of the invention described in a claim in Plaintiff's patent.

      3.      Another person or company, including other Defendants in this case, infringed Plaintiff's patent by using this component.

      4.      Defendants LeBac and Backman knew the component was especially made or adapted for a use that would infringe Plaintiff's patent.

      5.      The component was not a commonly available item or a product with substantial non-infringing uses.

### PROPOSED JURY INSTRUCTION 59
#### *Willful Infringement*

In this case, Plaintiff argues that Defendants infringed and, further, that Defendants infringed willfully. If you have decided that a particular Defendant has infringed, you must go on and address the additional issue of whether or not this particular Defendant's infringement was willful. Willfulness requires you to determine by clear and convincing evidence that the infringing Defendant acted recklessly. To prove that a Defendant acted recklessly, Plaintiff must prove two things by clear and convincing evidence: The first part of the test is objective: the patent holder must persuade you that a Defendant acted despite a high likelihood that his, her or its actions infringed the '726 patent. In making this determination, you may not consider the particular Defendant's state of mind. Legitimate or credible defenses to infringement, even if not ultimately successful, may demonstrate a lack of recklessness. Only if you conclude that the Defendant's conduct was reckless do you need to consider the second part of the test. The second part of the test does depend on the state of mind of the Defendant. The patent holder must persuade you that the Defendant actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of the '726 patent. To determine whether the Defendant had this state of mind, consider all facts which may include, but are not limited to:

(1) Whether or not the infringing Defendant intentionally copied a product of Plaintiff's that is covered by the '726 patent;

(2) Whether or not the infringing Defendant made a good-faith effort to avoid infringing the '726 patent, for example, whether the Defendant attempted to design around the '726 patent;

(3) Whether or not the infringing Defendant tried to cover up its infringement;

(4) Whether or not there is a reasonable basis to believe that the infringing Defendant had a reasonable defense to infringement.

43

### JURY INSTRUCTION NO. 59A
*Willful Infringement*

In determining whether a Defendant acted recklessly you may not infer from the evidence before you that any of the Defendants relied on a legal opinion of counsel that advised that Defendant that the accused coupler did not infringe the '726 patent. There is no obligation for a Defendant to obtain a legal opinion as to infringement and you may not infer that a Defendant acted willfully from the absence of an advice of counsel defense.

44

## JURY INSTRUCTION NO. 59B
### *Willful Infringement*

Earlier in this case, as I have told you, this Court ruled that claims 1, 5, 6, 10, 11, 13, 14, and 15 of the '726 Patent were invalid because the inventions of such claims had been placed on sale by Mr. Minemeyer as of July 21, 1998 and under the law, could not be patented. The Court's prior rulings with respect to claims 1, 5, 6, 10, 11, 13, 14, and 15 are not to be considered by you in determining whether or not there is infringement of claims 2, 3, 4, and 12, which do not involve that provision of the law. The evidence may be considered by you only to the extent you deem it relevant on the issue of willfulness.

## JURY INSTRUCTION NO. 59C
### *Judicial Notice*

I have decided to accept as proved the fact that:

1.      On March 29, 2007, Minemyer filed this action against Defendants R-Boc, Robert Lundeen, Carolyn Lundeen, Dura-Line, and Grimsley, and alleged that Defendants infringed claims 13 through 16 of the '726 Patent.

2.      On May 21, 2007, Minemyer filed a first amended complaint against Defendants R-Boc, Robert Lundeen, Carolyn Lundeen, Dura-Line, Grimsley, Precision Custom Molders, Edward Krajecki, and Sandra Krajecki, and alleged that Defendants infringed claims 13 through 16 of the '726 Patent.

3.      On August 17, 2007, Minemyer filed a second amended complaint against Defendants R-Boc, Robert Lundeen, Carolyn Lundeen, Dura-Line, Grimsley, Precision Custom Molders, Edward Krajecki, Sandra Krajecki, Lebac, and Backman, and first alleged that Defendants infringed claims 2, 3, 4 and 12, in addition to claims 5, 6, 10, 11 and 13 through 15 of the '726 Patent.

You must now treat these facts as having been proved for the purpose of this case.

## JURY INSTRUCTION NO. 60
### *"Patent Pending" Not Evidence of Notice*

A "patent pending" mark, standing alone, does not give knowledge of the existence of a valid patent. Filing an application is no guarantee any patent will issue. Also a statement "patented," standing alone, on a catalog does not give knowledge of a patent.

47

## JURY INSTRUCTION NO. 61
### *Willful Infringement Not A Factor For Damages*

If you decide that any of the Defendants willfully infringed the claims of Plaintiff's '726 patent, you should not take any such willfulness into account in assessing the damages, if any, to be awarded to Plaintiff.

### JURY INSTRUCTION NO. 62
*Damages – General*

If you find that Defendant infringed any valid claim of the "726" patent, you must then consider what amount of damages to award Plaintiff. Plaintiff must prove damages by a preponderance of the evidence.

I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win on any issue. If you find infringement, you are to award Plaintiff damages adequate to compensate him for that infringement. The damages you award are intended to compensate the patent holder, not to punish the infringer.

## JURY INSTRUCTION NO. 63
### *Two Types of Damages – Lost Profits and Reasonable Royalty*

There are two types of damages that Plaintiff may be entitled to recover: lost profits, or a reasonable royalty.

Lost profits consist of any actual reduction in business profits Plaintiff suffered as a result of the Defendants' infringement. A reasonable royalty is defined as the amount the patent owner and someone wanting to use the patented invention would agree upon as a fee for use of the invention. I will describe shortly what Plaintiff must prove to recover either type of damages.

Plaintiff is entitled to recover no less than a reasonable royalty for each infringing sale, even if Plaintiff cannot prove that he suffered lost profits in connection with that sale.

50

## JURY INSTRUCTION NO. 64
### *Lost Profits*

To recover lost profits, Plaintiff must prove two things:

1.　A reasonable probability that, if Defendants had not infringed, Plaintiff would have made additional sales of the patented product that Defendants made and/or sold.

2.　The amount of profit Plaintiff would have made on those sales. Plaintiff does not need to prove this amount with precision, and if there are uncertainties regarding the specific amount of lost profits, you may resolve those uncertainties against Defendants.

There are alternative ways for Plaintiff to establish an entitlement to recover lost profits. I will discuss these in the following instructions.

51

## JURY INSTRUCTION NO. 65
### *Lost Profits – Panduit Test*

One way that Plaintiff may establish that it is reasonably probable that he would have made additional sales of the patented product is by proving three things:

1. There was a demand for the patented product;

2. There was no acceptable, non-infringing substitute for the patented product; and

3. Plaintiff was capable of satisfying the demand.

An "acceptable, non-infringing substitute" is a product that has the advantages of the patented invention that were important to the purchasers of Defendants' product. If purchasers of the Defendants' product were motivated to purchase that product because of the features that were available only from that product and Plaintiff's patented product, then other products are not acceptable substitutes, even if they otherwise competed with Plaintiff's and Defendants' products.

## JURY INSTRUCTION NO. 66
### *Lost Profits – Amount*

If you conclude that Plaintiff has proved that he lost profits because of Defendants' infringement, the lost profits that you award should be the amount that Plaintiff would have made on any sales that he lost because of the infringement, minus the additional costs that Plaintiff would have incurred in making those sales.

Plaintiff is required to prove the amount of his lost profits to a reasonable probability and may not recover amounts that are speculative. However, mathematical certainty is not required.

## JURY INSTRUCTION NO. 67
### *Reasonable Royalty*

Plaintiff seeks to recover a reasonable royalty.

A royalty is a payment made to the owner of a patent by someone else so that he can make; use; or sell the patented invention. A "reasonable royalty" is the amount Plaintiff and Defendants would have agreed upon as a royalty at the time Defendants' infringement began.

In determining the amount of a reasonable royalty, you should assume that Plaintiff would have been willing to allow Defendants to make; use or sell the patented invention and that Defendants would have been willing to pay Plaintiff to do so. You should take into account what Plaintiff's and Defendants' expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both Plaintiff and Defendants would have believed that Plaintiff's patent was valid and infringed. You should also assume that Defendants would have been willing to pay, and Plaintiff would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what Plaintiff and Defendants would have agreed upon if they had negotiated in this manner, not just what either Plaintiff or Defendants would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

- Royalties that others paid to Plaintiff for the patented invention;

- Royalties that Defendant paid to others for comparable patents;

- Whether Plaintiff had a policy of licensing or not licensing the patents;

- Whether Plaintiff and Defendant are competitors;

- Whether use of the patented invention helps to make sales of other products or services;

-    Whether the product made using the patent is commercially successful, as well as its profitability;

-    The advantages of using the patented invention over products not covered by the patent;

-    The extent of Defendants' use of the patented invention and the value of that use to Defendants;

-    Any royalty amounts that are customary for similar or comparable patented inventions;

-    The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by Defendant;

-    Expert opinions regarding what would be a reasonable royalty.

## JURY INSTRUCTION NO. 68
### *Requirement of Notice (Claims Involving Products)*

Plaintiff can recover damages only for infringement that occurred after Plaintiff gave notice of his patent rights. Plaintiff must prove by a preponderance of the evidence that he gave notice.

There are two ways a patent holder can give notice of its patent rights. The first way is to give notice to the public in general, by placing the word "patent" or the abbreviation "PAT." with the number of the patent on substantially all the products it sold that included the patented invention. This type of notice is effective from the date Plaintiff began to mark in this manner substantially all of its products that included the patented invention.

The second way to give notice of patent rights is by directly informing Defendant that it is infringing a particular patent and identifying the infringing product. This type of notice is effective from the time it is given.

56

### JURY INSTRUCTION NO. 69
#### *Totaling the Damage Award*

Any amounts that you award for lost profits and for reasonable royalties should be set out separately on the verdict form that I will give you.