**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN T. ("TOM") MINEMYER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 1763 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| R-BOC REPRESENTATIVES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**A.**

The plaintiff, who prevailed in this litigation following trial by jury, has filed a Bill of Costs pursuant to Fed.R.Civ.P. 54(d) in the amount of $47,951.36, which includes costs incurred by both law firms that served as counsel for the plaintiff at various times during the course of the litigation. Of this total, $14,495.88 represents costs submitted by Douglas Chalmers. The remaining $33,455.38 represents amounts submitted by Eugene Friedman, who was counsel for the plaintiff from the beginning of this case until shortly before the trial began in 2012.

Before addressing defendants' objections to the submitted costs, there appears to have been a significant mathematical error made by the plaintiff as regards claimed costs incurred by Mr. Friedman that has apparently gone unnoticed by the parties. Even if all of the receipts submitted by Mr. Friedman are totaled without regard to recoverability – and with admitted duplicate billings excluded from the total – only $25,723.93 of the $33,612.08 requested appears in the receipts

submitted, when those receipts are totaled on a calculator.[1]  This $7,888.15 represents an error of 23% of submitted costs by Mr. Friedman.  Mr. Chalmers' submission is also inaccurate, although to a far lesser degree. Of the $14,495.88 requested by Mr. Chalmers for court reporters, transcripts and copies, the submitted receipts total only $13,914.50. Thus, the submission is more than 23% overstated.  *See* Spreadsheet attached as Exhibit A.

The Chalmers firm's costs are uncontested.  Hence, he is awarded the entirety of the sum sought less the $581.38 inadvertent overage.  The defendants' objections all go to Mr. Friedman's submission.  Thus, the following analysis of costs below only considers Mr. Friedman's submission and is based on the total amounts supported by the receipts, themselves.  From these amounts are then deducted, where appropriate, the amounts to which objection has properly been made by the defendants.

B.

Under Fed.R.Civ.P. 54(d)(1), "costs – other than attorney's fees – should be allowed to the prevailing party." Those "costs" are delineated in 28 U.S.C. § 1920: (1) fees of the clerk and marshal, (2) fees for printed or electronically recorded transcripts, (3) fees and disbursements for printing and witness, (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of

---

[1] The plaintiff has conceded that there are three duplicate receipts (one for photocopying and miscellaneous related costs and two for transcripts), but contends that these bills totaling $1,113. 61 have not been double counted and have been excluded from the total calculation.

2

special interpretation services. *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2001 (2012); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987); *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 945 (7th Cir. 1997). Courts may not award costs not authorized by statute. *Taniguchi*, 132 S.Ct. at 2001, 2006; *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005); *Barber v. Ruth,* 7 F.3d 636, 644 (7th Cir. 1993); *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633, 642 (7th Cir. 1991); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 2004 WL 1631676, 1 (N.D.Ill. 2004).

"There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005). "The rule is generally thought a vestige of the English 'loser pays' rule." *Anderson v. Griffin,* 397 F.3d 515, 522 (7th Cir. 2005).

The taxation of costs against the losing party entails two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). A painstaking judicial inspection of a bill of costs is unnecessary, however, because as Judge Posner has observed, there is a market constraint on running up excessive expenses. When incurring its expenses, the eventual prevailing party cannot be assured of victory and cannot assume that it will be reimbursed when the time comes to submit a bill of costs. Thus, the uncertainty of litigation acts as a governor on spending. *Anderson,* 397 F.3d at 522. *Cf. Taniguchi*, 132 S.Ct. at 2006 ("Indeed, 'the assessment of costs most often is merely a clerical matter that can be done by the court clerk.'")(citing *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 656 (7th Cir. 1981)).

The plaintiff seeks to recover costs in categories one, two, and four of § 1920. The defendants object to all three categories of charges. First, the defendants object to $14,142.87 of the $19,129.27 in submitted copying charges. Essentially, defendants argue that the costs for copying are not broken down sufficiently to ascertain that the costs are reasonable and that plaintiff submitted charges for copying that are not, as a matter of law, recoverable. Next, defendants object to the recoverability of $2,995.67 of the $13,713.81[2] in transcript fees. Here, defendants argue that some of the transcripts were not "necessarily obtained for use in the case" pursuant to 28 U.S.C. §1920(2) and that other charges for transcripts were duplicative and thus not recoverable. Finally, defendants object to $192.50 of the $419.00 in service charges and argue that the record does not support the service fees.

### A.

### Photocopying and Related Charges

#### 1.

First, the plaintiff asks to recoup $19,129.27 in photocopying costs incurred by Mr. Friedman while he was representing plaintiff. In support of the request, the plaintiff has attached twelve different receipts from various copy services between July 2009 and October 2011. The twelve receipts total only $11,520.12. Of the receipts, the invoice dated 4/8/09 for $98.56 from Loop Legal Copy and Imaging is included twice. Thus, only one of these receipts is included in the calculation. Of the $11,520.12, $4,793.92 is specifically for photocopying. These receipts include: $540.40 dated 12/3/08, $208.80 dated 3/18/09, $96.32 dated 4/8/09, and $803.20 dated 7/10/09 all from Loop

---

[2] The plaintiff's original Bill of Costs requested $13,557.21 in transcript fees. However, the plaintiff updated this amount to $13,713.81 in the Reply in Support of Plaintiff's Bill of Costs that was filed on 4/27/12.

Legal Copy and Imaging. Additionally, there are receipts for photocopying dated 10/11/2011 for $2,985.60 and 6/16/10 for $159.60 from Advanced Discovery.

The remaining $6,726.20 is not for photocopying but is for various other expenses including tabbing, binding, drilling, bates labeling and computer time.

Under § 1920(4), the plaintiff is entitled to "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The defendants find fault with the plaintiff's failure to attach an itemization of his copying expenses to the Bill of Costs. The requirement of such an itemization is set forth clearly on the district court's Bill of Costs form. But plaintiff implies he did not have to include one here because the records provided were the "best records available." *Reply in Support of Plaintiff's Bill of Costs* at 2.

While a party seeking costs "is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it "is required to provide the best break down obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Otherwise, how is the court to determine if the copies were obtained for use in the case? Perhaps a plaintiff billed for unnecessary sets of papers or for copies solely for the convenience of attorneys. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). Without some form of itemization, there is no way to tell. Nevertheless, the nature of this litigation was such as to require extensive copying of many thousands of documents. Balancing these considerations, the plaintiff is awarded $4,793.92 for copying costs, which is the amount shown on the receipts reflecting actual photocopying expenses.

**2.**

The defendants argue that some of the costs submitted as part of the copying costs (i.e. $6,726.20) are not recoverable, as a matter of law. For example, defendants object to shipping charges from Federal Express totaling $726.60. These charges are reflected on invoices dated 7/10/09 for $453.97 as well as 7/31/09 for $207.63 and $65.00. These sorts of costs are not enumerated in the statute and are thus not recoverable. *See supra* at 3; *Crawford,* 482 U.S. at 441 (if costs taxable under § 1920 are not limited to those enumerated in the statute, "then § 1920 . . . serves no role whatsoever"); *Winniczek*, 400 F.3d at 504.

Defendants also object to the remaining charges under the heading of "photocopying" for bates labeling, binding, drilling/punching, and tabbing documents in the amount of $2,645.74. These charges are reflected in the receipts from Loop Legal Copy and Imaging on 12/3/08, 1/13/09, 1/29/09, 4/8/09, 7/8/09, 7/10/09, 11/10/09, and 11/18/08. Section 1920 has no provision for the recovery of expenses incurred for the organization of documents. Thus, those expenses are not recoverable under § 1920(4). *See Crawford* 482 U.S. at 441; *Winniczek*, 400 F.3d at 504.

Finally, defendants object to plaintiff's inclusion of electronically scanning and processing documents costs in the amount of $3,353.86. These charges are reflected as follows: $2,205.48 for electronically scanning on 1/13/09, $70 for computer time on 1/13/09, $50 for DVD duplication on 1/13/09, $658.10 for electronically scanning on 1/29/09, $50 for computer time on 1/29/09, $192.88 for digital printing on 7/08/09, $109.90 for electronically scanning on 11/18/08 and $17.50 for computer time on 11/18/08. Section 1920(4) allows for the inclusion of costs for scanning and processing documents when it "is the equivalent of exemplification or making copies and is not simply done for the purpose of creating an electronic file." *See Rawal v. United Air Lines Inc.*, 2012 WL 581146, at *2-*3 (N.D. Ill. 2012). In this case, the record is unclear regarding the reason for the

electronic scanning. Further, plaintiff does not address this argument in his reply brief. "Failure to respond to an argument . . . results in waiver." *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). *See also United States v. Vrdolyak,* 593 F.3d 676, 691 (7th Cir. 2010); *Midwest Generation EME, LLC v. Continuum Chemical Corp.*, 2010 WL 2517047, 8 (N.D.Ill. 2010) (collecting cases.). Accordingly, these items will be disallowed.

## B.

### Fees for Transcripts

The next category of costs defendants object to is $2,995.67 of $13,713.81 in transcript fees. Defendant's objections fall into three categories: transcripts not necessary to the case, duplicative items, and fees that are not truly transcript costs. First, defendants argue that plaintiff did not show that the Krajecki transcripts were necessary. "While the determination of necessity must be made in light of the facts known when the transcript was requested, the introduction of testimony from a transcript is not a prerequisite for finding that it was necessary." *Majeske*, 218 F.3d at 824. The objecting party bears the burden of an affirmative showing that the taxed costs are not appropriate. *Beamon*, 411 F.3d 854 at 864. Defendants have not presented any arguments indicating why the transcripts were not appropriate and thus have not met their burden.

Next, defendants argue that the Lyall and Krajecki depositions are double counted, and they should not be charged $201.10 for the scanning of exhibits at Mr. Grimsley's testimony and an additional $989.40 for an additional copy of Mr. Grimsley's transcript. Defendants are right that there are multiple receipts for the Lyall and Krajecki transcripts; however, they are not included in the total submitted by plaintiff. With respect to the exhibits and the additional copy of the Grimsley transcript, courts should not award costs associated with copies of deposition exhibits unless the

7

copies are necessary to the understanding of the case. *U.S. Fidelity and Guar. Co.,* 803 F.Supp.2d at 923. Mr. Grimsley was one of the key witnesses in this case. It is idle to suggest that his deposition was not essential to the case and that the exhibits, which informed and explained and/or contradicted the testimony were not essential. The $201.10 item is approved and is compensable as are the costs associated with the condensed transcripts and the $989.40 for the additional copy of the Grimsley transcript.

Finally, defendants object to archiving fees, late fees, and delivery charges. The archiving and late fees are not recoverable. The taxing of the delivery fees, which are incidental to the taking of a deposition, are recoverable. *See id.* (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)).

Thus, plaintiff is entitled to recover transcript costs in the amount of $11,710.17 plus $1,190.50 plus the uncontested $13,914.50 for the Chalmers firm.

### C.

### Service Fees

The final category of costs defendants object to is service fees totaling $419.00. There is no claim that these were not the charges submitted by the Sheriff in connection with service or that the costs were not paid. The defendants' speculation, which essentially charges the Sheriff with bilking the plaintiff's counsel, does not require any discussion. The service fees of $419.00 are compensable and are awarded to the plaintiff.

## CONCLUSION

The plaintiff's Bill of Costs is allowed as modified: The plaintiff is entitled to $4,793.92 in photocopying charges, $26,815.17 in transcript fees, and $419.00 in service fees, for a total award of $32,028.09.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE:   6/2612