**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| R-BOC REPRESENTATIVES, INC., et al., )<br>)<br>Plaintiffs-Counterclaim Defendants, )<br>)<br>v. )<br>)<br>JOHN T. ("TOM") MINEMYER, )<br>)<br>Defendant-Counterclaim Plaintiff. )<br>)<br>─────────────────────────────── )<br>)<br>JOHN T. ("TOM") MINEMYER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>R-BOC REPRESENTATIVES, INC., et al., )<br>)<br>Defendants. ) | No. 11 C 8433<br><br>No. 07 C 1763<br><br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM OPINION**

Sandra Krajecki, the wife of Edward Krajecki, co-defendant in the above patent cases. She has filed a one-page, six-paragraph, conclusory Motion captioned, "Motion for Relief From Citation to Discover Assets." (Dkt. 274). She has attached her husband's Declarations that certain assets are owned by him or that he has an interest in the listed assets. Mr. Krajecki's second Declaration states that he is entitled to and claims that ten itemized assets are exempt pursuant to a list of Illinois statutory provisions. None of the provisions are explained or their substance quoted either in the Motion or the Declarations.

In short, the Motion's claim is undeveloped and cites no cases or quotes the Illinois statutes

that are claimed to be controlling. Under unanimous and long-standing Seventh Circuit authority, conclusory arguments will not be considered. *See e.g., United States v. Beavers,* 756 F.3d 1044, 1059 (7th Cir. 2014); *Massuda v. Panda Exp., Inc.,* 759 F.3d 779, 783–784 (7th Cir. 2014); *Lee v. Chicago Youth Center,* 2014 W.L. 5017855, 2-3 (N.D.Ill.2014)(collecting cases). In the Seventh Circuit, as elsewhere, it is not appropriate to have the judge do the work that should have been done by counsel. *See Hartmann v. Prudential Ins. Co.,* 9 F.3d 1207, 1214 (7th Cir.1993); *Weissman v. Weener,* 12 F.3d 84, 86 (7th Cir.1993).

But the deficiencies in the Motion go deeper than this. Mr. Krajecki has a judgment against him for almost $7 million. Mr. Krajecki states in his Declaration that certain assets are jointly owned by the Krajeckis, and that Mrs. Krajecki has contributed 50% or more to the acquisition of those assets. Where her alleged contribution came from is not mentioned. Mr. Krajecki also states that his wife has an undivided interest in certain accounts, but "that such accounts were [funded] 100% with earnings and income from Sandra Krajecki and not Judgment Debtor, Edward Krajecki." [Dkt. #274-1].[1] Beyond the conclusory assertions in the Declarations, [Dkt. #274-1], there is no additional proof supporting the conclusions. Of course, the unsupported statements in the Declarations need not be accepted as true and accorded the weight of an encyclical. As "every judge is aware," even those who do not have a criminal record may "lie... when it is to their advantage." *Schmude v. Tricam Industries, Inc.*, 556 F.3d 624, 628 (7th Cir. 2009).[2]

Although the Declaration of Edward Krajecki "with respect to assets owned," is not at this

---

[1] Neither of the Declarations, which are exhibits, bear Exhibit numbers or letters in contravention of Local Rule 5.2. Nor do they have tabs, as the Rule requires.

[2] This is not to say that the Declarations are not a form of proof. They are. But, it is fundamental that there is no rule of law that requires that the statements in a Declaration must be deemed true. *See Harvey v. Office of Banks and Real Estate,* 377 F.3d 698, 712 (7th Cir. 2004).

juncture entitled to conclusive weight, the "Motion for Relief From Citation to Discover Assets" would seem to rest on and require an immediate acceptance by this court of the conclusions in Mr. Krajecki's Declaration that the assets are "free and clear of any claim of Judgment Creditor John Minemyer...." Perhaps they are. But I am not at liberty to accept uncritically Mr. Krajecki's Declarations at face value – with absolutely no proof offered besides his conclusions. I certainly am not empowered on the record as it now stands and on the bare bones Motion that has been filed to conclude that "the Lien of the Citation to Discover Assets against Sandra Krajecki be released as to her assets scheduled in her [sic] Declaration in Support of th[e] Motion; [and] that she be permitted to establish separate accounts in her own name for such assets free and clear of any claim of Judgment Creditor John Minemyer...." [Dkt. #274 at 2]. And that, it should be emphasized, is what the Motion asks that I do.

While my initial reaction – and the one I expressed in court – was to deny the Motion as presented – further reflection has persuaded me that a denial of the motion would be premature, and that Mr. Minemyer should be required to respond within 14 days. Any reply shall be due 7 days thereafter. A further status hearing will be held on 1/9/18 at 8:30 a.m. in courtroom 1003.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/14/17